STATE OF MINNESOTA ex rel. PATRICK KELLY v. ARTHUR F.
KILBOURNE.[1]

May 24, 1897.

Nos. 10,394—(16).

### Insane Persons—Inquisition—Due Process of Law.

*Held,* Laws 1889, chapter 46, subchapter 14, did not authorize the
probate court to proceed to find a person insane without bringing
him into court, or giving him notice of the proceedings being taken
against him, or an opportunity to defend, and is not for any such reason
unconstitutional because not providing for due process of law.

### Same—Jurisdiction—Collateral Attack.

*Held,* the record of proceedings in the probate court to commit an al-
leged insane person to the hospital for the insane does not impeach
itself, and show want of jurisdiction, by its own silence, but, in order to
impeach the judgment of the court collaterally, the want of jurisdiction
must affirmatively appear by the record itself.   The fact that it does not
appear that any warrant had been issued for the arrest of the alleged in-
sane person, or that he was present in court at any time during the pro-
ceedings, is not sufficient to impeach the judgment or show want of juris-
diction.

### Same—Appointment of Jury of Inquisition—Attack by Habeas Corpus.

Section 267 of said subchapter 14 provided that the court shall appoint
two others, who, with the judge himself, shall constitute a jury to ex-
amine the person, and find whether or not he is insane.   The court ap-
pointed three others, who, with the judge, held the examination, and
found the person insane.   *Held,* the proceedings are not void by reason
of such irregularity, and cannot be impeached collaterally on habeas cor-
pus.

Habeas corpus on the relation of Patrick Kelly against Arthur F.
Kilbourne, superintendent of the Rochester State Hospital, into whose
custody relator had been committed by proceedings had in the pro-
bate court for Ramsey county, Olivier, J.   Relator was discharged by

[1] Reported in 71 N. W. 396.

an order of the district court for Olmsted county, Gould, J., and defendant appeals. Reversed.

*W. Logan Brackenridge,* for appellant.

*Chas. C. Willson,* for respondent.

CANTY, J. The relator was confined in the hospital for the insane at Rochester in this state. A writ of habeas corpus was issued out of the court below to inquire into the cause of his detention, and on the return of the respondent, the superintendent of the hospital, the relator was by the order of the court discharged from custody. The respondent below appeals from the order. The relator was on January 31, 1893, committed to the insane hospital by the probate court of Ramsey county. The proceedings in that court are set out in the petition, and there is no dispute as to what they are. Relator assails these proceedings on three grounds:

1. The first ground is that subchapter 14 of chapter 46, Laws 1889, under which he was committed, is unconstitutional, because it does not require notice to be given to the alleged insane person of the proceedings being taken against him, or require that he shall be given an opportunity to defend, and is therefore not due process of law. Section 266 of said act reads as follows:

"The probate court of any county, upon information being filed showing that there is an insane person in the county needing care and treatment and that it is dangerous for him to be at large, shall, if necessary, issue its warrant under the seal of the court, to apprehend the alleged insane person; such warrant shall be issued in the name of the state of Minnesota and be directed to the sheriff or any constable of the county; it shall direct him to forthwith apprehend the alleged insane person and have him sent before the court for examination as to his sanity and to ascertain the fact of sanity or insanity; said warrant shall be served in the same manner as warrants in criminal proceedings."

Subsequent sections provide for a hearing in which the alleged insane person or any relative or friend, may be allowed to introduce evidence in defense. The only reason urged for assailing this statute as not providing for due process of law is that said section 266 provides that "the probate court * * * shall, if necessary, issue its warrant * * * to apprehend the alleged insane person." The

68M.—21.

whole objection is predicated on the words "if necessary," and it is claimed that in every case this provision leaves it optional with the probate judge whether or not he will issue a warrant, or have the alleged insane person apprehended or brought before the court; that the statute authorizes the probate court to proceed to adjudge such person insane without bringing him before the court, or giving him notice to appear and defend, and is therefore covered by the opinion rendered on reargument in the case of State v. Billings, 55 Minn. 467, 57 N. W. 206, 794, where it was held that Laws 1893, c. 5,[2] was unconstitutional for a like reason.

We cannot agree with counsel that the words "if necessary," in said section 266, should be given any such effect as he claims for them. They simply mean that if the alleged insane person is not already in custody or in charge of some one who will bring him into court, will not appear voluntarily, and cannot be brought into court without a warrant, then the probate court shall issue one. The court "shall, if necessary," issue a warrant, and it is then necessary to do so. The law of 1893, held unconstitutional by this court in the Billings case, expressly and unequivocally left it to the probate judge to say whether the alleged insane person should have notice of the proceedings being taken against him before or during the examination on which he is found insane, and to say whether he should be heard in his own defense at all. The law of 1889 does not attempt to confer on the probate court any such power of dispensing with due process of law. Properly construed, it simply authorizes the court to dispense with the issuing of a warrant when the alleged insane person can be brought into court without it.

2. The next ground on which relator assails the probate proceedings is that it does not appear by the record of those proceedings that he was ever apprehended or brought into court, or that he ever had any notice of the proceedings that were being taken against him. We will say in answer to this that the probate court is a court of record, and of general jurisdiction over certain subjects, among which is the subject of guardianship of insane persons. The record of such a court in such a guardianship matter does not impeach itself by its own silence. The failure to show jurisdiction is not sufficient. The

2 See G. S. 1894, §§ 3447—3499.

want of jurisdiction must affirmatively appear. The following are the proceedings in the probate court: On January 30, 1893, one Patrick Kelly, Jr., filed a complaint in the ordinary form. On the next day the court made the following order, omitting the formal parts:

"On reading and filing the information of Patrick Kelly, Jr., * * * representing that Patrick Kelly is an insane person in the county of Ramsey, needing care and treatment, and that it is dangerous for him to be at large, it is ordered that E. X. Amoss, Ovide Martel, and James A. Quinn, who are practicing physicians of said county, be and they are hereby, together with the judge of this court, constituted and appointed a jury to examine the said Patrick Kelly concerning the charge of insanity, and to ascertain the fact of sanity or insanity. It is further ordered that said examination be held at the office of the said probate court, in said county, on the 31st day of January, A. D. 1893, at 2:30 o'clock p. m. of that day, and that a copy of these orders be delivered to the said E. X. Amoss, Ovide Martel, and James A. Quinn."

On the same day these three physicians and the judge of probate himself made, signed, and filed the following certificate, sworn to by two of the three physicians:

"We, the jury appointed by an order of the probate court of said Ramsey county, dated January 31, 1893, and having been first duly sworn to examine Patrick Kelly, of said county, concerning the charge of insanity, and to ascertain the fact of sanity or insanity, do hereby certify that pursuant to said order, and at the time and place therein mentioned, we did examine the said Patrick Kelly, and find him to be insane, and a fit subject for hospital treatment, and do hereby direct that he be committed to the Second Minnesota Hospital for the Insane, at Rochester, in said state."

On the same day (January 31st) the court made and filed the following order:

"On reading and filing the certificate of the jury in said matter, certifying that pursuant to the order of this court in said matter, dated January 31, 1893, they examined the said Patrick Kelly concerning the charge of insanity, and to ascertain the fact of sanity or insanity, and that they find the said Patrick Kelly to be insane, and directing that he be committed, and, after a full hearing and examination of further proofs in said matter, it appearing to the court that the said Patrick Kelly is an insane person in the county of Ramsey, needing care and treatment, and should be committed to the Second Hos-

pital for the Insane, at Rochester, in said state, it is ordered and adjudged that duplicate warrants be issued, committing the said Patrick Kelly to the Second Hospital for the Insane, and that the said warrants be delivered to C. E. Chapel, sheriff of said county, and that he be, and hereby is, commanded to convey the said Patrick Kelly to the Second Hospital for the Insane, at Rochester, in this state."

On the same day, January 31st, the judge made, signed, and attested with the seal of the court, the following warrant of commitment:

"To the Superintendent of the Second Minnesota Hospital for Insane, at Rochester, in said state: Patrick Kelly having been, upon examination, found to be insane, you are therefore required to receive him into the hospital, and keep him until legally discharged."

It does not appear that any warrant for the arrest of relator was ever issued, but, as before stated, it was not necessary to issue a warrant, if he was brought into court or came in without it. It does not affirmatively appear that he was brought in or came in, or was present at the hearing, unless it is to be inferred from the statement of the judge and three physicions, in their verdict, that they examined him at the time and place mentioned in the preceding order, which was at the office of the probate court, on January 31st, at 2:30 p. m. But, conceding that it cannot be so inferred, still, as we have already stated, the record does not impeach itself by its own silence. It does not affirmatively appear by the record that the relator was not present in court during the proceedings, and therefore the judgment of the probate court cannot be impeached collaterally for the want of jurisdiction. McNamara v. Casserly, 61 Minn. 340, 63 N. W. 880; Davis v. Hudson, 29 Minn. 27, 11 N. W. 136. If in fact there was no jurisdiction, the remedy is by a direct proceeding to set aside the judgment.

3. The next ground on which relator assails the proceedings in the probate court is that it appears by those proceedings that three physicians were appointed and acted on the jury with the judge himself in finding the relator insane, while the law, Laws 1889, c. 46, subc. 14, § 267, provided that two persons, one at least of whom is a physician, should, with the judge himself, constitute the jury. Conceding that it was a gross error to appoint three other persons on the jury, when the law authorized the appointment of but two, still

it does not follow that all the proceedings became thereby absolutely void, and that the judgment of the court can be impeached collaterally. See Field v. Lucas, 21 Ga. 447. It has sometimes been held that an excess of members on the tribunal, or of jurors on the jury, is not error at all, where the decision or verdict is unanimous. Id.; Tillman v. Ailles, 5 Smedes & M. 373. But it is, at most, merely error which can only be taken advantage of by motion or appeal. 1 Thompson, Trials, § 4. See, also, 1 Bishop, New Cr. Proc. § 897. This disposes of all the questions raised.

The order appealed from is reversed, and the case remanded.