STATE OF MINNESOTA v. W. D. RUSSELL and Another.[1]

October 29, 1897.

Nos. 10,848—(22).

Indictment — Setting Aside — Irregularity in Selecting Grand Jury List.

One of the five county commissioners of Polk county resided in, and was elected from, a commissioner district which formed a portion of that part of the county which was afterwards organized into Red Lake county. After such organization he still assumed to act as a member of the board, and the five selected the list from which to draw grand jurors for Polk county. On a motion to set aside an indictment found by a grand jury drawn from said list, *held*, he was neither de facto nor de jure a member of the board, but his taking part in the proceedings merely made them irregular, and not void. It must, in the absence of proof, be presumed that as many as three of the other four members voted in favor of the action taken; and, by reason of the provisions of G. S. 1894, § 7189, defendant cannot take advantage of such irregularity.

Same.

Some of the persons drawn for said grand jury from said list were residents of Red Lake county at the time of selecting the list and at the time of drawing the panel. The court ordered a special venire to be summoned by the sheriff to fill up the panel in place of said persons. *Held* no ground for setting aside the indictment.

Defendants W. D. Russell and Charles Dohl were indicted in the district court for Polk county for keeping their saloon open on Sunday. They moved to set aside the indictment on the grounds (1) that it was not found and presented as prescribed in and by the laws of the state of Minnesota relating to grand juries, and (2) that it was not found by any duly selected, drawn and empaneled grand jury of Polk county. The court, Ives, J., overruled the motion and at defendants' request certified the case to the supreme court for its decision. Remanded.

*H. W. Childs* and *Geo. B. Edgerton,* for the State.

*H. Steenerson, A. R. Holston,* and *W. E. Rowe,* for defendants.

[1] Reported in 72 N. W. 832.

CANTY, J.

Shortly prior to January, 1897, Polk county had been divided, and out of a part of it the new county of Red Lake had been created, organized with a full set of county officers, and its county seat designated. Prior thereto the board of county commissioners of Polk county consisted of five members, one of whom (one Norland) resided in, and was elected from, a commissioner district which has since become a part of Red Lake county. He was elected for a term which would expire in 1899. On January 26, 1897, the other four commissioners met with Norland, who still assumed to act as a member of the board, and the five proceeded to select the list of grand jurors provided for by G. S. 1894, § 673. The list so selected was certified in due form and delivered to the clerk of the district court. Some residents of Red Lake county were included in the list. From this list grand jurors were drawn for the June, 1897, term of the district court in Polk county. Among the 23 names so drawn were the names of one person who was dead, one who had removed from the county, one who was not a citizen of the United States, and fifteen who were, and during all of said time had been, residents of Red Lake county. By reason thereof there was a deficiency in the panel of grand jurors for said term, and the court ordered a special venire to issue for eight additional jurors. This was done, and the jurors were summoned and sworn in, together with the remaining 15 persons so drawn, who resided in Polk county. By the grand jury so made up the defendants were at said term indicted of the crime of keeping their licensed saloon open on Sunday. They moved to set aside the indictment on the ground that for the reasons above stated the indictment was not found by a regularly selected, drawn, and impaneled grand jury. The court below overruled the motion, and then certified the question to this court.

We are of the opinion that, from the time of the organization of Red Lake county to the time that the commissioner districts of Polk county were reorganized, the board of county commissioners of the latter county consisted of but four members, and that Norland was neither de facto nor de jure a member of that board. But it does not follow from this that the acts of the board were void. A quorum, and more than a quorum, of the original number of mem-

bers was left, and they might have acted as the board. The fact that Norland participated in their proceedings made those proceedings irregular, but not void. See State v. Kilbourne, 68 Minn. 320, 71 N. W. 396, and authorities there cited.

Can these defendants take advantage of that irregularity by a challenge to the panel of grand jurors, or a motion to set aside the indictment? We answer the question in the negative. The board of county commissioners do not draw the jury. They simply select a larger list of names from which the jury is subsequently drawn. In most of the states, jury lists are selected by such officers as judges of election, township officers, county officers, and special boards. Thompson & M. Jur. § 45. And it is generally held that the statutes regulating the selection of these lists are merely directory. Id. §§ 47, 139. The board of county commissioners can hardly be called officers of the court, and are not under the immediate control or direction of the court. Such a board has a large number of other duties to perform, as well as selecting the lists from which jurors are to be drawn. Most of these other duties are of a legislative or administrative character. If Norland sat with this board, and assumed to participate in their performance of some of those administrative or legislative duties, no advantage could be taken of it, if as many as three of the real members of the board voted in favor of the action taken; and in the absence of proof this must be presumed. Then such action is merely irregular, and not void.

The defendants were not held to the grand jury before indictment. Section 7189, G. S. 1894, provides:

"A challenge to the panel may be interposed for one or more of the following causes, only: First, that the requisite number of ballots was not drawn from the grand jury box of the county; second, that the drawing was not had in the presence of the officer designated in section six of this chapter; third, that the drawing was not had at least fifteen days before the court."

It may be conceded that, as defendants were not held to answer any such charge as that for which they were indicted (see section 7188), and therefore had no opportunity to challenge the panel of grand jurors, they may, on the grounds stated in section 7189, move to set aside the indictment. They may also move to set aside the indictment on the grounds specified in section 7283. But they can-

not move to set aside the indictment for any other mere irregularity. If the acts of the board or pretended board in selecting the list were absolutely void, it might be held that the motion to set aside the indictment would prevail, on the theory that in fact no list from which to draw grand jurors had ever been selected. It is not necessary to decide that question. Here the act of selecting the list is not void, but merely irregular, and defendants are precluded from taking advantage of that irregularity.

This answers the question certified, and the case is remanded for further proceedings.