# Osborn v. The State.

## Murder.

(Decided Feb. 6, 1908.    45 South. 666.)

1. *Grand Jury; Organization; Increasing Number on Account of Disqualification.*—The Grand jury was regularly organized with fifteen members, and after organization one was excused on account of disqualification, whereupon, the court proceeded to summon a person to take the place of the grand juror excused. Held, that unless the number was reduced below thirteen the court was without power to increase the number or supply the place of a juror excused, and that a panel of more than thirteen was illegally organized where a juror was substituted for one excused.

2. *Indictment; Invalidity; Effect.*—An indictment found by a grand jury while an unauthorized person was serving thereon is void, and is not saved by the provisions of section 5269, Code 1896.

Appeal from St. Clair Circuit Court.

Heard before Hon. A. H. Alston.

Ed Osborn was convicted of murder in the second degree and sentenced to ten years in the penitentiary, and he appeals. Reversed and remanded.

[Osborn v. The State.]

GOODHUE & BLACKWOOD, M. M. SMITH, and JAMES A. EMBRY, for appellant. The record shows such fatal irregularities in the organization of the grand jury that the indictment will not sustain the conviction in the court below.—*Nordan v. The State,* 143 Ala. 13; *Peters v. The State,* 98 Ala. 38; *Finley v. The State,* 61 Ala. 201; *Cross v. The State,* 63 Ala. 40; *Fryer v. The State,* 41 South. 172; *O'Byrne v. The State,* 51 Ala. 25.

ALEXANDER M. GARBER, Attorney General, for the State.

ANDERSON, J.—The grand jury contained 15 members, having been legally organized under section 5023 of the Code of 1896. When they appeared in court, and the foreman, J. L. Forman, was excused because of disqualification under section 5042, there were 14 grand jurors remaining, and the court erred in increasing the number to 15, and J. W. Allen was improperly added thereto. Not being a legal member of the grand jury, indictments found and returned by said body while he was serving were void, and cannot support a conviction. After a grand jury has been once legally organized, and the number is subsequently reduced, the law does not authorize an increase unless the number is reduced below 13. Section 5044 of the Code of 1896.

The curative effect of section 5269 of the Code of 1896 cannot save the indictment in the case at bar, which, being void, will not support a judgment of conviction.—*Nordan v. State,* 143 Ala. 13, 39 South. 406, and cases there cited.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.