# Yeager *v.* The State.

## *Violating Prohibition Law.*

(Decided April 15, 1913.   62 South. 318.)

1. *Grand Jury; Organization; Supplying Place.*—Where the grand jury was organized with eighteen members, which was authorized but not required by law, the withdrawal or excusing of one of its members, did not render it an illegal body, and it was error to supply the place of the grand jurror withdrawing.

2. *Same.*—The unauthorized addition of a member to fill a vacancy in a grand jury already possessing the membership required by law, is not cured by the provisions of section 7572, Code 1907, nor by the provisions of section 23, Acts 1909, p. 315.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Ed Yeager was convicted of violating the prohibition law, and he appeals.   Reversed and remanded.

TENNIS TIDWELL, for appellant.   The defendant's plea in abatement to the indictment was good, and not subject to be striken on motion.—*Sunflower Co. v. Turner*, 158 Ala. 191; *C. of Ga. v. Sims,* 53 South. 826.   The plea presented a good defense, as the action of the court was illegal.—*Osborn v. State,* 45 South. 666; *Spivey v. State,* 56 South. 232; *Thayer v. State,* 35 South. 406. What has been said relative to the plea in abatement applies with equal force to the motion to quash.—*Patterson v. State,* 54 South. 696, and authorities supra. Counsel discuss other assignments of error, but in view of the opinion, it is not deemed necessary to here set them out.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.   No objection can be taken to the formation of a special grand

.jury summoned by direction of the court.—Sec. 23, Acts, 1909, p. 315. The order for the special grand jury was authorized by the act creating this court. The plea in abatement was properly stricken.—Sec. 7572, Code 1907.

WALKER, P. J.—The objection to the indictment, first by plea in abatement, and then, when that was stricken, by motion to quash, was based upon the action of the court in adding a member to the grand jury to take the place of an original member of it who had been excused, though the withdrawal of such original member had not reduced the membership of the body below the number required by law.

It was decided in the case of *Patterson v. State,* 171 Ala. 2, 54 South. 696, that the present jury law (Acts Sp. Sess. 1909, p. 305) did not repeal or supersede the provision of section 7282 of the Code, under which a grand jury of 15 members may be organized. The grand jury now in question was organized with 18 members, as is authorized, but not required, by the present law. The withdrawal of one of those members left the body still a legal grand jury. We must treat it as settled that after a grand jury has once been legally organized, and the number is subsequently reduced, the law does not authorize an increase unless the number is reduced below that required by law.—*Osborn v. State,* 154 Ala. 44, 45 South. 666 ;*Nordan v. State,* 143 Ala. 13, 39 South. 406; Code, §§ 7283, 7305.

It was expressly decided in the two cases just cited that the unauthorized addition of a member to the grand jury already possessing the membership required by law is not within the influence of the curative provisions of section 7572 of the Code, and has the effect of invalidating an indictment found by the body so

[Lester v. The State.]

added to. There is nothing in the modification of the terms of that provision made by section 23 of the present jury law to warrant a different conclusion. Following the former rulings refered to, it must be held that the court was in error in overruling the defendant's motion to quash the indictment.

Reversed and remanded.

### *Violating Prohibition Law.*

