# Hafley *v.* The State.

## *Violating Prohibition Law.*

(Decided April 15, 1913.  62 South. 319.

1. *Grand Jury; Number; Supplying Vacancy.*—Section 7283, Code 1907, was not repealed by the jury law (Acts 1909, p. 312) and hence, under said section and sections 18 and 20, Acts 1909, p. 312, a deficiency in the grand jury could not be supplied where the number had not been reduced below fifteen, although the original grand jury as organized consisted of eighteen.

2. *Same; Number; Indictment.*—An indictment found by a grand jury after the place of one of the original eighteen grand jurors had been filled, the panel not having been reduced below fifteen by such vacancy, was void and would not sustain a conviction where the question was properly raised in the lower court.

3. *Same.*—An objection to an indictment based upon the improper action of the court in supplying a deficiency is not barred by section 23, Acts 1909, p. 315, when such objection is properly made in the court below.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

[Hafley v. The State.]

George Hafly was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

WERT & LYNN, for appellant. The court erred in overruling defendant's motion to quash and abate the indictment against him, because of the fact that the court erroneously supplied the place of an original member of the grand jury at a time when the grand jury had not been reduced below the legal number.— *Peters v. State,* 98 Ala. 38; *Osborn v. State,* 154 Ala. 44; *Shivers v. State,* 56 South. 233. The jury law does not repeal sec. 7282, and hence, the court was not authorized to supply the vacancy.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. Any error in the organization of the grand jury was cured by section 23, Acts 1909, p. 315, and the plea in abatement not alleging that the grand jurors who found the indictment were not drawn by the officer designated by law to draw them, could not be considered in any event. *Mathes v. State,* 3 Ala. App. 7; *Thornton v. State,* 59 South. 234.

PELHAM, J.—The indictment on which the defendant was tried was returned into court and filed on the 8th day of August, 1912, at an adjourned term of the Morgan county law and equity court. When the grand jury that returned this indictment was organized it consisted of 18 persons, with Geo. D. Williamson as foreman. On a later day of the term, to wit, Aug. 3, 1912, the court made and entered an order excusing said Williamson from further service as a grand jury man on account of sickness, and directed the sheriff to summon two other persons qualified to serve as jurors to appear

before the court on August 5th for the purpose of filling the place on the grand jury to be left vacant on account of excusing said Williamson from further service. Williamson did not avail himself of the order excusing him from service, but continued to serve as a member of the grand jury until some time during the 5th day of August, when the two persons summoned for the purpose of filling the place to be made vacant by Williamson's retirement from further service under the court's order excusing him appeared before the court, whereupon Williamson retired as a member of the grand jury, and one of the other persons summoned to fill the place was selected and sworn as a member of the grand jury and deliberated with it and participated as a member of that body in finding the indictment against the defendant on which he was tried, that was returned into court on, to wit, August 8, 1912.

As the grand jury was originally organized with 18 persons, under the provisions of the special jury law (Acts 1909, pp. 305, 312, § 18), then, when Williamson was excused and retired from service as a member of that body, the grand jury still consisted of 17 members, and the court was without authority of law to increase the number, unless the number had been reduced below 15, the number required by the law.—Code, § 7283; *Patterson v. State,* 171 Ala. 2, 54 South. 696. The only authority to supply deficiencies after organization of the grand jury provided by the jury law passed in 1909 (Acts 1909, p. 305 et seq.) is when from some cause it is reduced below the number *required by law.*—Acts 1909, p. 314, § 20. There is no requirement under the provisions of this act that the number (18) of the jury as originally organized shall be maintained, and that a less number will not constitute a legal grand jury, or that when reduced below the number of 18 for any

cause the deficiency shall be supplied. But, on the contrary, the only authority to supply deficiencies in the event the jury is reduced from any cause after being completed is when the number is reduced "below the number required by law." The number below which a grand jury cannot be reduced is not fixed by the jury law passed in 1909, but is by section 7283 of the Code, which authorizes deficiencies to be supplied only when the number has been reduced below 15. This provision of section 7283 is not repealed by the jury law of 1909, but is still in force.—*Patterson v. State,* 171 Ala. 2, 54 South. 696.

The court was without authority to supply the place of Williamson upon his being excused, as the number of grand jurors had not been reduced below 15, and the participation of the person added to the grand jury under such circumstances made the indictment found and returned by that body while he was serving as a member thereof void, and it will not support a conviction, when the question is raised by timely and appropriate attack, as was done in this case.—*Osborn v. State,* 154 Ala. 44, 45 South. 666; *Patterson v. State, supra; Spivey et al. v. State,* 172 Ala. 391, 56 South. 232.

The curative effect of section 23 of the jury law (Acts 1909, p. 315, § 23) does not operate to save the indictment from the defect pointed out, for the unauthorized order of the court and action of the judge appearing of record show that the indictment is void, and it will not support a conviction. This is an objection to the formation of the grand jury that under the ruling of the Supreme Court may be made available by timely and appropriate attack, notwithstanding the provisions of the curative statute.—*Osborn v. State,* 154 Ala. 44, 45 South. 666; *Nordan v. State,* 143 Ala. 13, 39 South. 406;

*Patterson v. State, supra; Clemons v. State,* 167 Ala. 20, 28, 52 South. 467.

The orders for the special term of court and for a grand jury were properly made and entered.—Code, § 3249; Jury Act of 1909, p. 316, § 24; *Holland v. State,* 162 Ala. 5, 50 South. 215; *Young v. State,* 170 Ala. 71, 54 South. 166. The judge of the law and equity court had the same authority in this respect as judges of the circuit courts (Local Acts 1907, p. 193 et seq.), and an order for a special grand jury is specifically authorized by section 23 of the act establishing the Morgan county law and equity court.—Acts 1907, p. 207.

The judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.