[Sanford v. The State.]

# Sanford *v.* The State.

## *Forgery.*

(Decided May 13, 1913.  Rehearing denied June 6, 1913.
62 South. 317.)

1. *Appeal and Error; Review; Exceptions.*—This court cannot review on appeal portions of the oral charge not excepted to.

2. *Indictment and Information; Duplicity; Statutory Offense.*— Where a statutory offense may be committed in one or more of several different ways, an indictment may charge its commission in any or all of the ways specified, in a single count.

3. *Same; Issue; Proof and Variance.*—Where the statute mentions several acts disjunctively as constituting the same offense, subject to the same punishment, an indictment charging all the acts conjunctively in form, may be construed as charging them disjunctively in fact, and proof of either of the acts charged will sustain the indictment; hence, a failure to prove them all will not result in a material variance.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Jim Sanford was convicted of forgery and he appeals. Affirmed.

GUNN & POWELL, R. L. WINDHAM, and M. B. McCOLLUM, for appellant.  The indictment was subject to demurrer, and the court was also in error in admitting the note under the indictment.—*Agee v. State,* 113 Ala. 52; *Butler v. State,* 22 Ala. 43; *McClellan v. State,* 121 Ala. 18.  On these authorities, the court should have given appellants the affirmative charge.  The indictment charged the offense in the conjunctive, and the conjunctive averment should have been proven before a conviction could be had.—*So. Ry. v. Burgess,* 42 South. 235; *Bienville W. W. Co. v. City of Mobile,* 125 Ala. 178.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. Under the statute the offense may be alleged disjunctively in one count of the indictment, since it may be committed in one or more of several ways, hence, the indictment was good, and there was no material variance.—*McVay v. State,* 100 Ala. 112; *Woods v. State,* 133 Ala. 162; *Sampson v. State,* 107 Ala. 80; 22 Cyc. 380.

THOMAS, J.—The defendant was charged with forging the name of J. S. Bolton, as the joint maker with himself, to a certain promissory note; and the contention is here made in brief of appellant's counsel that there is a variance between the indictment and the proof offered under it in that the note offered in evidence bears the name of J. T. Bolton, as such joint maker, instead of the name J. S. Bolton, as charged. We cannot so agree. The return to the writ of certiorari ordered by us brings the original note here for our inspection, and we are convinced, after a careful examination of it by each member of the court in consultation, that the name of the joint maker on the note is J. S. Bolton. The middle initial, capital "S," is very much like the capital "S" with which the surname of defendant, Jim Sanford, subscribed to the note, is commenced. If the latter was intended to be an "S," which is conceded, the former is also.

The portion of the oral charge of the court which is set out in the record and discussed here as error was not excepted to and cannot therefore be reviewed.— *Richardson v. State,* 54 Ala. 158.

The indictment follows the Code form and the language of the statute creating the offense in charging that defendant did "falsely make, alter, forge, counterfeit," but omits the next words, "or obliterates," because

not applicable, also found in said statute (Code, § 6910) and said form 62. The contention here is that by reason of said omission of the words "or obliterates," and of a failure, since omitting them, to insert the disjunctive "or" between the word "forge" and the word "counterfeit" preceding, the indictment is to be construed as charging conjunctively that defendant did the things complained of, and that, since the proof fails to show that he did all of them (that is, that he both made, altered, forged, and counterfeited the instrument), there is a variance between the proof and the allegations, and that consequently the affirmative charge requested by defendant should have been given.

The rule has long been established in this state that when an offense against a criminal statute may be committed, as under the statute here violated, in one or more of several ways, the indictment may in a single count charge its commission in any or all of the ways specified in the statute, and that where the statute, as here, mentions several acts disjunctively as constituting the same offense and as being subject to the same punishment, an indictment which charges all of such acts conjunctively in form will be interpreted as charging them disjunctively in fact; the conjunctive conjunction "and" in such case being construed as being used in the sense of the disjunctive conjunction "or." Hence proof of either of the acts charged is sufficient to sustain the allegation of the indictment, and a failure to prove them all does not result in a material variance between the allegations and proof.—22 Cys. 380; *State v. Murphy*, 6 Ala. 846; *Mooney v. State*, 8 Ala. 328; *Ward v. State*, 22 Ala. 16; *Swallow v. State*, 22 Ala. 20; *Cheek v. State*, 38 Ala. 231; *Brown v. State*, 79 Ala. 53; *Sampson v. State*, 107 Ala. 80, 18 South. 207; *Mc-*

*Vay v. State,* 100 Ala. 112, 14 South. 862; *Woods v. State,* 133 Ala. 162, 31 South. 984.

We have discussed the only errors urged in brief. We find none in the record, and the judgment of conviction is affirmed.

Affirmed.