## FRANK H. WILKOWSKE v. MARGARET LYNCH.[1]

February 6, 1914.

Nos. 18,407—(239).

**Incompetent — appointment of guardian.**

1. Under G. S. 1913, § 7433, it is not necessary in order to confer jurisdiction of the subject-matter that a petition for the appointment of a guardian state that it is made by the county board, or by a relative or friend of the incompetent. It is sufficient if it be so made in fact. It does not affirmatively appear that it was not so made in fact. It is therefore presumed that the court had jurisdiction of the subject-matter. Any defects in the respect mentioned or in the facts set forth in the petition are waived if not taken advantage of on the trial.

**Finding sustained by evidence.**

2. A finding that the person for whom a guardian was asked was, by reason of old age and the loss and imperfection of mental faculties, incompetent to have the care and management of her person and estate, *held* sustained by the evidence.

**Selection of guardian.**

3. There was no abuse of discretion in selecting as guardians the persons appointed, rather than others suggested by the incompetent.

Frank H. Wilkowske petitioned the probate court for Rice county for the appointment of a guardian of the person and estate of Margaret Lynch, an incompetent by reason of old age and imperfection

[1] Reported in 145 N. W. 378.

of mental faculties. Margaret Lynch filed objections to the appointment of the person named in the petition and prayed that the petition be dismissed, but, if the court denied her prayer, that it would appoint the person named by her. The court, George L. Smith, J., appointed W. O. Gilruth guardian of her estate and Mrs. Mary E. Thatcher guardian of her person. From the order of appointment Margaret Lynch appealed to the district court for that county. The appeal was heard before Childress, J., who made findings and affirmed the order of the probate court. From the judgment entered pursuant to the order of affirmance, Margaret Lynch appealed. Affirmed.

*Moritz Heim,* for appellant.

*James P. McMahon,* for respondent.

BUNN, J.

This is a proceeding for the appointment of a guardian of the person and estate of Margaret Lynch. The probate court of Rice county made an order appointing W. O. Gilruth guardian of the estate of the alleged incompetent, and Mary E. Thatcher guardian of her person. Margaret Lynch appealed to the district court, where there was a trial *de novo* before the court without a jury. The district court rendered a decision ordering judgment affirming the order appealed from. Judgment was entered pursuant to the decision, and this appeal taken from such judgment.

Appellant makes three contentions: (1) That the probate and district courts were without jurisdiction of the subject-matter, because the petition was not made by a relative or friend of the alleged incompetent, or by the county board, and because it did not state facts sufficient to give jurisdiction; (2) the evidence does not sustain the finding of the court that Margaret Lynch is incompetent to have the care and management of her person and estate; (3) if the evidence warranted the appointment of a guardian, the court abused its discretion in not appointing the person or persons designated by appellant.

1. The petition was made by Frank H. Wilkowske. He was chairman of the county board, and testified that he made the petition in

that capacity. The petition did not state that it was made by the county board, or by a relative or friend. The statute, G. S. 1913, § 7433, provides that "such appointment may be made upon the petition of the county board, or of any relative or friend of such person." This statute does not require that the petition shall state that the maker is the county board, or a relative or friend, and we hold that such a statement is not necessary in order to give the court jurisdiction of the subject-matter.

It is sufficient if in fact the maker of the petition is the county board, or a relative or friend. We may assume perhaps that Wilkowske was not a relative of the alleged incompetent; as to his being a "friend," there is no evidence either way. He testified that he acted in making the petition as chairman of the county board. There is no evidence that the board authorized his action by resolution, and no evidence that it did not. The probate court is a court of superior jurisdiction and enjoys the same presumptions of jurisdiction as superior courts of common-law jurisdiction. 2 Dunnell, Minn. Dig. § 7774. Its jurisdiction over the subject-matter, including its authority to hear and determine the particular proceeding, is presumed in the absence of facts affirmatively appearing on the face of the record that show want of jurisdiction. 1 Dunnell, Minn. Dig. § 2347. The facts appearing from the record in this case do not affirmatively show that the petition was made by a person not authorized to make it, and we therefore hold that it does not appear that the court did not have jurisdiction of the subject-matter. Any insufficiency in the petition in the respect mentioned, or in the facts set forth therein constituting the grounds for the appointment of a guardian, should have been taken advantage of by appropriate pleadings, motions or objections at the trial. The answer interposed to the petition made no point against its sufficiency, nor was any such point made on the trial. The defects, if any, were waived.

2. If there was any insufficiency in the evidence tending to show that Margaret Lynch was by reason of old age or imperfection of mental faculties incompetent to manage her own affairs, it may be accounted for by the fact that there was no contest on this issue at the trial. When respondent asked a witness a question relating to

the condition of Miss Lynch, her attorney objected expressly on the ground the evidence was immaterial, "since the guardianship isn't contested." The witness was allowed to testify, however, and gave evidence fairly tending to show the necessity of the appointment of a guardian. No evidence was offered in opposition. Indeed the only question tried was as to whom the court should appoint. We hold the attacked finding supported by the evidence.

3. There was no abuse of discretion in selecting the persons named as guardians. It is not claimed that either appointee was not a suitable person, except that the incompetent preferred the appointment of others. We cannot hold that the court abused its discretion because it was not guided by the wishes of respondent as expressed in her answer, and as testified to by witnesses on the trial.

Judgment affirmed.