STATE EX REL. MRS. JACOB DEGEN v. GEORGE H.
FREEMAN.[1]

August 6, 1926.

No. 25,630.

**Jurisdiction of probate court was not negatived and no relief by writ of
habeas corpus.**

1. The statute provides that "any relative, guardian or reputable
citizen of the county" may petition the probate court for the commit-
ment of a person alleged to be defective. The probate court, though
limited in the scope of its jurisdiction, is within the sphere of action
committed to it a superior court whose judgments carry the usual pre-
sumptions and are not subject to collateral attack. The proceedings
in the probate court, which resulted in the commitment of a person to
an insane asylum, showed that the petitioner was not a relative of the
person adjudged insane, and was silent as to whether he was guardian
and whether he lived in the county. *Held,* that jurisdiction of the
probate court was not negatived, and that no relief could be given on
habeas corpus.

**Quaere whether certain facts are jurisdictional to petitioner.**

2. Whether the relationship of the petitioner to the alleged de-
fective as relative or guardian, and his residence in the county, are
jurisdictional facts, quaere?

Habeas Corpus, 29 C. J. p. 170 n. 95.

The district court for Nicollet county issued its writ of habeas
corpus directed to George H. Freeman, superintendent, to secure
the release of Irwin Degen from the state hospital for the insane at
St. Peter. Dr. Freeman appealed from an order, Enersen, J., dis-
charging Irwin Degen from custody. Writ discharged and Degen
remanded to custody of respondent superintendent of hospital.

*Clifford L. Hilton,* Attorney General, and *William H. Gurnee,* As-
sistant Attorney General, for appellant.

*N. A. L'Herault,* for respondent.

[1] Reported in 210 N. W. 14.

DIBELL, J.

A writ of habeas corpus was issued by the district court of Nicollet county to secure the release of Irwin Degen from the state hospital for the insane at St. Peter where he is confined under commitment from the probate court of Carver county where he lived. On the hearing he was discharged from custody. The respondent Dr. Freeman, superintendent of the hospital, appeals. Under the statute the appeal is a trial de novo in this court.

1. The facts are not in dispute. The statute, G. S. 1923, § 8956, provides:

"When any person residing in this state shall be supposed to be defective any relative, guardian or reputable citizen of the county in which such supposed defective person resides or is found may file a verified petition in the probate court of the county," etc.

The proceedings in the probate court show that the petitioner was not a relative of Degen. They do not show that he was his guardian or that he was a citizen of Carver county. The record is silent. The statute does not require that any of these facts be stated in the petition. Over objection evidence was introduced in the district court, and is now before us, showing that the petitioner was not his guardian nor a resident of Carver county. There is no opposing evidence.

The probate court by the nature of its organization has jurisdiction over insane persons, and jurisdiction to render such a judgment as was entered. State v. Wilcox, 24 Minn. 143. The filing of a proper petition gives it jurisdiction of the subject matter of the particular case, and by service of a warrant or process, or by his voluntary appearance, it acquires jurisdiction of the person.

A person cannot be discharged on habeas corpus if "committed or detained by virtue of the final judgment of any competent tribunal of civil or criminal jurisdiction." G. S. 1923, § 9739. In such cases the writ reaches only jurisdictional defects, is not a writ of review, and does not take the place of an appeal or reviewing writ. Dun. Dig. § 4129, and cases cited. A court without jurisdiction is not a competent tribunal. The probate courts of this state within the

sphere of action committed to them are superior courts to whose judgments the usual presumptions attach. If want of jurisdiction does not appear affirmatively their judgments cannot be attacked collaterally. Davis v. Hudson, 29 Minn. 27, 11 N. W. 136; McNamara v. Casserly, 61 Minn. 335, 63 N. W. 880; Dun. Dig. § 7774, and cases cited. State v. Kilbourne, 68 Minn. 320, 71 N. W. 396, applied to the facts before us, is substantially controlling. There the release on habeas corpus of a person committed to an insane asylum was sought. The record did not show affirmatively compliance with all the prerequisites to commitment, nor did it show that the essential facts did not exist. Speaking of the relator's claim that he should be released for want of jurisdiction the court said:

"We will say in answer to this that the probate court is a court of record, and of general jurisdiction over certain subjects, among which is the subject of guardianship of insane persons. The record of such a court in such a guardianship matter does not impeach itself by its own silence. The failure to show jurisdiction is not sufficient. The want of jurisdiction must affirmatively appear."

If the record had shown want of jurisdiction the relator would have been discharged. State v. Billings, 55 Minn. 467, 57 N. W. 206, 794, 43 Am. St. 525.

The respondent cites State v. Kinmore, 54 Minn. 135, 55 N. W. 830, 40 Am. St. 305, and much relies upon it. It was habeas corpus to determine the custody of a minor committed by a probate court to the State Public School at Owatonna and later placed by the board of control with a resident of the county until of the age of 18. It was held that the petition on which the proceeding was instituted was so lacking in a statement of the facts authorizing a commitment that there was no jurisdiction. This appeared on the face of the proceedings in the probate court. To such extent the case is distinguished. In connection with this case there may be noted State v. McMahon, 69 Minn. 265, 72 N. W. 79, where it was held that a defect in a complaint in a prosecution under a valid ordinance did not go to the jurisdiction.

The case of In re Snell, 31 Minn. 110, 16 N. W. 692, and like cases, cited by the respondent, are not in point to the contrary of the conclusion we reach. There the evidence taken before a committing magistrate was examined for the limited purpose of ascertaining whether it supported at all the order binding the accused to the grand jury. The order was not a judgment or final determination and was not within the limitation of the statute.

We appreciate that there is some confusion as to the extent of the inquiry which may be made in habeas corpus. Some of it comes from the use of the term jurisdiction in a loose and uncertain sense. We recognize that the writ is a constitutional one, a writ of liberty and of right, subject to proper statutory regulation, but not to be restricted in its application so as to impair its effectiveness. The Kilbourne case is controlling and is well supported by our own and other decisions.

2. We advert to the question whether the petitioner must be a relative, guardian or resident of the county—whether such fact is jurisdictional. A petition is necessary to confer jurisdiction on the probate court. Hanson v. Nygaard, 105 Minn. 30, 117 N. W. 235, 127 Am. St. 523; Bombolis v. M. & St. L. R. Co. 128 Minn. 112, 150 N. W. 385. In the Hanson case it was said that jurisdiction was acquired "when thus invoked by a person entitled to take such action." There was no question there but that the proper person invoked jurisdiction. Similar language was used in the Bombolis case. There was no petition there. In Wilkowske v. Lynch, 124 Minn. 492, 145 N. W. 378, it was held that to confer jurisdiction it was not necessary that a petition for the appointment of a guardian of an incompetent person state that it was made by the county board, or by a relative or friend, but that it was sufficient if it was so in fact. The question did not arise on habeas corpus, but on direct appeal from an order of the probate court; and the court said that the record did not "affirmatively show that the petition was made by a person not authorized to make it, and we therefore hold that it does not appear that the court did not have jurisdiction of the subject matter. Any insufficiency in the peti-

tion * * * should have been taken advantage of by appropriate pleadings, motions or objections at the trial. * * * The defects, if any, were waived." And in Fridley v. F. & M. Sav. Bank, 136 Minn. 333, 162 N. W. 454, L. R. A. 1917E, 544, where administration was had in the proper county but upon the petition of one not entitled to petition, it was held that jurisdiction attached to the estate when the court took control through the executor or administrator which it appointed. Whether it is a jurisdictional fact that the petitioner be guardian, relative or resident of the county is left undecided.

The writ is quashed and Degen is remanded to the custody of the respondent superintendent of the hospital.

Writ quashed.