STATE v. LAWRENCE GOWAN, JR.

214 N. W. 2d 228.

December 28, 1973—No. 44625.

*Robins, Davis & Lyons, Wilton E. Gervais, Solly Robins,*

*Fryberger, Buchanan, Smith, Sanford & Frederick,* and *John T. Oswald,* for petitioner.

*Warren Spannaus,* Attorney General, *Keith M. Brownell,* County Attorney, and *Robert E. Lucas,* Assistant County Attorney, for respondent.

MacLAUGHLIN, JUSTICE.

Petitioner in this case seeks to have a writ of prohibition, previously issued by this court, made permanent. Petitioner is a defendant in a criminal action commenced by grand jury indictment in the district court for St. Louis County charging him with manslaughter in the second degree. Minn. St. 609.205(1). Petitioner appeared specially before the district court, moving that the indictment be quashed on the ground that the grand jury had been improperly impaneled. The motion was denied by the district court, and this court subsequently issued the writ of prohibition pending a hearing to determine its permanence. The writ of prohibition is discharged.

The facts of this case are undisputed. On March 9, 1973, the St. Louis County District Court ordered the clerk to draw and summon a grand jury, pursuant to § 628.42, to be convened on the first day of its general term, April 2, 1973. On March 12, 1973, the clerk, in accordance with the applicable statutes, drew 23 names of proposed grand jurors and certified them to the sheriff for service of process. A return was made on March 19, 1973, and on March 21, 1973, the district court judge, after determining that only 17 of the 23 proposed grand jurors were available, ordered the clerk to draw and certify for service six additional names. This was done that same day, and on March 26, 1973, the sheriff made a return on these six additional names. On April 2, 1973, the grand jury, thus composed, was convened.

Section 628.42 provides in part:

"A grand jury shall be drawn and summoned for any general term of the district court when the judge of such court shall so

direct by an order made and filed with the clerk of court *at least 15 days before the term begins.*" (Italics supplied.)

Also, § 628.45 provides in part:

"\* \* \* At least 15 days before the sitting of any district court, the clerk thereof \* \* \* shall draw from the box the names of 23 persons to serve as grand jurors at such term of the court."

Thus, the general rule, in districts to which the above provisions are applicable, is that the convening of a grand jury must be initiated at least 15 days before the beginning of the district court's term.[1] Section 628.51, however, provides for an exception to this rule by permitting a district court judge to issue a special venire to remedy a "deficiency" of grand jurors:

"In case of a deficiency of grand jurors, a special venire may be issued to the proper officer to return forthwith such further number of grand jurors as shall be required, and he shall summon such persons, who shall be bound forthwith to attend and serve, unless excused by the court in the same manner and subject to the same penalties for neglect as those duly drawn by the clerk and summoned as provided by law."

In the present case the original 23 grand jurors were called more than 15 days before the beginning of the district court's term. After the sheriff's return, it appeared to the district court judge that only 17 of these 23 jurors would be available, so he ordered the clerk to summon six more. Because these final six jurors were called less than 15 days before the beginning of the court term, petitioner claims that the grand jury was improperly convened and, consequently, that the indictment against him is

---

[1] Minn. St. 628.42 also provides in part: "\* \* \* In districts composed of but one county, with a population exceeding 100,000, wherein but one term is held annually, the court may prescribe by written order that a grand jury shall be drawn to attend at any specified time and for any designated period."

invalid. Petitioner bases his challenge on § 628.53, which states in part:

"A challenge to the panel may be interposed for one or more only of the following causes:

* * * * *

(3) That the drawing was not had at least 15 days before the court."

Before confronting the merits of petitioner's contention, however, one procedural matter must be disposed of. During oral argument, respondent questioned whether petitioner's challenge was timely under § 628.52, which states that "[a]ny person held to answer a charge for a public offense may challenge the panel of the grand jury * * * *before* they retire * * *." (Italics supplied.) Obviously, this petitioner did not challenge the panel before its retirement. However, we answered this question in the case of State v. Russell, 69 Minn. 502, 72 N. W. 832 (1897), where we held that defendants who have not had the opportunity to challenge the panel of the grand jury prior to its retirement because they were not held answerable to the charges upon which they were later indicted may, on the grounds stated in G. S. 1894, § 7189 (a predecessor of Minn. St. 628.53), move to set aside the indictment. See, also, State v. Ames, 90 Minn. 183, 96 N. W. 330 (1903).

The central issue in this case is whether the district court's calling of the six additional grand jurors was in compliance with the statutes. Minn. St. 628.51 makes "a deficiency of grand jurors" a condition precedent to such action by the district court. Thus, resolution of this issue depends on the definition given to the term "deficiency."

Section 628.41 provides that a grand jury "shall consist of not more than 23, nor less than 16, persons, and shall not proceed to any business unless at least 16 members are present." In the instant case, 23 jurors were originally called, but only 17 proved to be available. If additional jurors had not been called and these 17 persons had appeared at the convening of the grand jury on

the first day of the district court term, they would have comprised a valid grand jury capable of conducting its business. Thus, the question becomes whether, for purposes of § 628.51, the term "deficiency" means less than 23 or less than 16 members.

Our prior decisions are not dispositive of this matter and, in fact, offer us little guidance. In State v. McCartey, 17 Minn. 54 (76) (1871), our court stated that there was a "deficiency" of grand jurors for purposes of G. S. 1866, c. 107, § 10 (a predecessor of Minn. St. 628.51). However, the case is of little assistance because the opinion does not disclose what number of persons were on the "deficient" grand jury. State v. Froiseth, 16 Minn. 277 (313) (1871), cited by both parties, dealt with the validity of an indictment handed down by a grand jury which had one member not present when the court charged the grand jury but present when the charge against the defendant was examined by the jurors and when the indictment was voted upon. Assuming that a competent grand jury was regularly impaneled, we held that the absence of one of its members from the charge of the court is not fatal to the indictment. In State v. Cooley, 72 Minn. 476, 75 N. W. 729 (1898), 23 jurors had been summoned, but on the day of the convening of the grand jury, five were disqualified from service. A special venire was conducted and five additional jurors called to increase the membership of the grand jury that was finally convened to 23. After the jury had been deliberating for 2 days, it was discovered that one of its members was disqualified from serving. Thus, the defendants were subsequently indicted by a grand jury with 22 members. The defendants did not contend that the five additional jurors were improperly selected, and thus the issue before us in this case was not decided. Rather, the defendants argued that 22 members was a deficiency for purposes of G. S. 1894, § 7185 (a predecessor of Minn. St. 628.51), and that the district court was required to issue a special venire for an additional member. Adopting language from a New York case, we stated that the reason behind calling 23 persons for grand jury duty was to ensure that a suf-

ficient number of persons would be available to constitute a valid grand jury and held that an indictment made by a grand jury comprised of less than 23 but not less than 16 members was valid. We did not hold that a district court could not conduct a special venire to increase the number of grand jurors from a number of 16 or more to 23, which had in fact been done in Cooley when the additional five jurors were called. Rather, we simply held that a district court judge was not *required* to conduct a special venire when the number of grand jury members had decreased to below 23 but not below 16.

According to Minn. St. 628.41, a grand jury cannot conduct its business without a quorum of 16 members; therefore, it is *mandatory* that the judge conduct a special venire when the membership declines below 16. But the language of § 628.51 is discretionary in nature. It provides that when there is a deficiency of grand jurors, a special venire "may" be issued. We interpret this language to mean that the special venire can be used not only in the mandatory situation where there are less than 16 grand jurors but also at the district court's discretion when the membership of a grand jury is 16 or more but less than 23.

There are very sound practical reasons behind allowing a judge this discretion. As we stated in the Cooley opinion, the reason for calling more jurors than are needed for a quorum is to prevent absences from depriving the grand jury of its ability to function. In a case such as Cooley, where there are 22 rather than 23 jurors, the judge should be given the discretion to decline to take the time and incur the expense to issue a special venire. In a case such as the one at bar, where there are only 17 jurors available and the absence of only two of them could stop the grand jury from conducting its business, the judge should be given the discretion to call additional jurors to ensure the uninterrupted activity of the grand jury.

Petitioner claims that allowing the district court to issue a special venire when the membership of a grand jury is 16 or

more but less than 23 would prejudice him by statistically increasing the likelihood that the 12 votes necessary for indictment under § 628.08 would be cast. Even if this argument were true, we do not find it compelling. The range of numbers on a grand jury has been established by the legislature, based upon the former common-law practice. At common law a grand jury was to be comprised of 12 to 23 members, 12 votes being needed for an indictment. 38 C. J. S., Grand Juries, § 18. The reasoning behind these numbers was that calling more than 12 members ensured against the possibility of absences delaying the convening of the jury, and the maximum number of 23 foreclosed the possibility of a person being indicted by less than a majority. Fitts v. Superior Court in and for Los Angeles County, 6 Cal. 2d 230, 57 P. 2d 510 (1936). Our legislature has adopted the common-law maximum limitation of 23 for grand jury composition; this limitation is not inherently unfair or unreasonable, and we are bound by it.

Finally, petitioner has cited in support of his argument a series of Alabama cases: Hafley v. State, 8 Ala. App. 378, 62 So. 319 (1913) ; Yeager v. State, 8 Ala. App. 374, 62 So. 318 (1913) ; and Ex parte Lawler, 185 Ala. 428, 64 So. 102 (1913). These cases involved the interpretation of Alabama statutes and are distinguishable from this case.

In summary, we hold that a district court judge has the discretionary authority to issue a special venire under § 628.51 when the membership of a grand jury is 16 or more but less than 23. Consequently, the grand jury in this case was properly impaneled, and the indictment returned by it is valid.

Writ discharged.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.