LEIGH M. CLARK, Retired Circuit Judge.
A jury found this appellant, Joe Nathan Giles, guilty as charged in an indictment that he, “being confined to a detention facility, did intentionally and unlawfully make, obtain or possess a deadly weapon, instrument, tool or other thing, to-wit: two prison made handcuff keys and one razor blade, which may have been useful for escape, in violation of § 13A-10-6 [sic] of the Code of Alabama_” Alabama Criminal Code § 13A-10-36, entitled “Promoting prison contraband in the first degree,” provides:
“(a) A person is guilty of promoting prison contraband in the first degree if: “(1) He intentionally and unlawfully introduces within a detention facility, or provides an inmate with, any deadly weapon, instrument, tool or other thing which may be useful for escape;
“(2) Being a person confined in a detention facility, he intentionally and unlawfully makes, obtains or possesses any deadly weapon, instrument, tool or other thing which may be useful for escape. “(b) Promoting prison contraband in the first degree is a Class C felony.”
After due notice by the State that it would invoke the Habitual Felony Offender Statute and at the conclusion of the sentencing hearing, at which it was shown that defendant had been previously convicted of six felonies, the trial court sentenced defendant to imprisonment for ninety-nine years.
The undisputed evidence shows that while defendant was a prisoner occupying a cell at Kilby Correctional Facility, the items specified in the indictments were found in defendant’s cell while defendant was within the cell. The defendant took the stand on the trial and denied that he had any knowl *462 edge of the existence of the items in his cell.
In the brief of counsel for appellant, three issues are presented, which we now consider.
I.
This issue is thus stated in brief of counsel for appellant:
“IN ORDER TO SUSTAIN A CONVICTION FOR POSSESSION OF HANDCUFF KEYS, THE STATE MUST SHOW THE ITEM WAS CAPABLE OF OPENING HANDCUFFS.”
The only authority relied upon in support of this issue is Roberts v. State, 26 Ala. App. 84, 153 So. 663 (1934), which held on an appeal from a conviction of the “offense of carrying a concealed weapon-a pistol” as follows:
“From the bill of exceptions it appears that the pistol shown to have been in the possession, etc., of appellant had ‘lost so many of its parts as to be harmless and worthless as a weapon’—that it had ceased to be a firearm.
“Accordingly, the verdict of guilt, etc., cannot be allowed to stand. Redus v. State, 82 Ala. 53, 2 So. 713.”
Appellant’s attorney is correct in contending that the handcuff keys were shown to have been incapable of unlocking handcuffs. Nevertheless, as the evidence also discloses that they had the appearance of keys that would unlock handcuffs, we are of the opinion that they come within the coverage of Alabama Criminal Code, § 13A-10-36(a)(l), which expressly includes any “instrument, tool or other thing which may be useful for escape.” We decide the first issue presented in brief of counsel for appellant adversely to appellant.
II.
By this issue presented in brief of counsel for appellant, the question is raised as to whether there was a variance between the indictment and the evidence in that the indictment charged the unlawful acts set forth therein conjunctively and the evidence did not show defendant’s guilt of all the acts. We do not fully understand all of the position taken by appellant’s attorney as to this issue, but we are of the opinion that what was held in Sanford v. State, 8 Ala.App. 245, 62 So. 317 (1913), cited by attorneys for both parties on appeal requires a decision by us as to the second issue raised by counsel for appellant, as shown by the following statement in Sanford v. State, at 62 So. 318:
“The rule has long been established in this State that when an offense against a criminal statute may be committed, as under the statutes here violated, in one or more of several ways, the indictment may in a single count charge its commission in any or all of the ways specified in the statute, and that where the statute, as here, mentions several acts disjunc-tively as constituting the same offense and as being subject to the same punishment, an indictment which charges all of such acts conjunctively in form will be interpreted as charging them disjunctively in fact; the conjunction ‘and’ in such cases being construed as being used in the sense of the disjunctive conjunction ‘or.’ Hence, proof of either of the acts charged is sufficient to sustain the allegation of the indictment, and a failure to prove them all does not result in a material variance between the allegations and proof. [There follows a list of authorities cited].”
III.
By the final issue presented in appellant’s brief, the following question is raised: “Did the defendant possess the contraband?” Appellant’s attorney is correct in stating that defendant took the stand and ‘denied’ possession of the contraband and any knowledge of the presence thereof in the cell occupied by him. To the contrary, there was evidence on behalf of the State that the cell was searched on June 21, 1981, and no contraband was found therein at that time, that between June 21 and June 28, 1981, when the razor blade and handcuff keys were found, no one occupied *463 the cell except appellant and that the cell was kept locked at all times when appellant was absent from the cell. In our opinion, a jury question was presented as to the possession by defendant-appellant of the handcuff keys and the razor blade.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur, except TAYLOR, J., who recuses himself.