(37 Misc. Rep. 404.)

### In re NEWKIRK.

(Supreme Court, Special Term, Kings County. March, 1902.)

1. HABEAS CORPUS—RETURN TO WRIT—DISORDERLY CONDUCT.
   A return to a writ of habeas corpus, stating that relator is held after conviction under a warrant of commitment of a magistrate for disorderly conduct, is defective, as there is no such criminal offense in the Penal Code or other laws of the state as disorderly conduct.

2. SAME—DISORDERLY PERSON.
   Where a return to a writ of habeas corpus states that the relator is held under a warrant for "disorderly conduct," and is defective, in that

there is no such offense under the statutes, but it appears that the re-
lator is held as a "disorderly person," and the commitment states that
he has abandoned his wife without adequate support, which brings him
within the definition of a disorderly person, under Code Cr. Proc. § 899,
the writ of habeas corpus will be dismissed.

Application of Lambert Newkirk for a discharge on a writ of habeas
corpus.  Writ dismissed.

Towns & McCrossin, for relator.
Alexander McKinney, for respondent.

GAYNOR, J.  The return is defective in saying that the relator
is held after conviction under a warrant of commitment of a mag-
istrate for "disorderly conduct."  There is no such criminal offense
in the Penal Code or other general law of the state as "disorderly
conduct."  Nor is any such offense defined in the city charter, so
far as I can find, though the phrase is loosely used there (section
707 et seq.).  In the charter of the old city of New York, however,
(Consolidation Act, Laws 1882, c. 410), driving or riding a horse
through the streets faster than five miles an hour is made a criminal
offense there called "disorderly conduct" (section 1448), and in an-
other section (section 1458) an offense there called "disorderly con-
duct that tends to a breach of the peace" is defined to be (1) suffer-
ing an unmuzzled ferocious or vicious dog to be at large, (2) the
plying of her vocation in the street by a common prostitute "to the
annoyance of the inhabitants or passers by", and (3) "any threat-
ening, abusive or insulting behavior with intent to provoke a breach
of the peace or whereby a breach of the peace may be occasioned."
These provisions may be kept in life by section 1610 of the present
charter.  I am not aware of any other statutory provision creating
an offense of "disorderly conduct."  The charge of "disorderly con-
duct" by police officers, and the holding of persons under such charge
by magistrates, except in the foregoing cases, and then only when
the particular acts constituting the offense are set out in the com-
plaint or information, is an abuse and oppression, and renders the
officer and the magistrate liable to an action for false imprison-
ment.  It is a loose charge which standing alone, i. e., without a
statement of the acts alleged to constitute it, may mean anything a
policeman or magistrate may wish, and has been very generally re-
sorted to in the city of New York (where most abuses against in-
dividual rights originate), against persons who are guilty of no
criminal offense, but whom some policeman or other person wishes
to annoy and oppress by arrest and imprisonment.  It is unfortunate
that such a loose phrase has any statutory sanction.  It is dangerous,
in that it affords room for false arrests and oppression, especially
of those whose rights and liberties ought to be jealously guarded,
namely the weak, uninfluential and friendless, whose protection
should be the chief aim of government.

On looking from the return to the warrant of commitment, how-
ever, I find that the relator is therein held as being a "disorderly
person," which is a very different thing.  The statutes carefully de-
fine who "disorderly persons" are, viz., persons who abandon their

wives, fortune tellers, jugglers, certain kinds of gamblers, and the like (Code Cr. Proc. § 899; City Charter, § 686), and this commitment fully sets out the statutory dereliction which makes this relator a disorderly person, i. e., he has abandoned his wife without adequate support.

The writ is dismissed.