[Thornton v. The State.]

# Thornton *v.* The State.

### *Rape.*

(Decided Feb. 6, 1912.    Rehearing denied    May 28, 1912.
59 South. 234.)

1. *Indictment and Information; Objection; Plea in Abatement.*—
Under Section 23, Acts 1909, p. 315, an objection to an indictment, on
the ground that the name of the persons empaneled on the grand
jury were kept in the office of the judge of probate and not by the
clerk of the court, as directed by Section 25, of said act, was bad on
demurrer.

2. *Same; Formal Requisites; "Caption."*—As declared by Section
7131, Code 1907, the "caption" of an indictment may be used to
describe either a part of the indictment itself, or in a technical
sense as describing the entry of record showing when and where
the court was held, who presided as judge, the venire of the grand
jury, and who were summoned and sworn as grand jurors.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Howard Thornton was convicted of rape, and he ap-
peals. Affirmed.

M. A. OWEN, and W. W. SANDERS, for appellant.    The
motion to quash preceded the plea, and was, therefore,
timely.—135 Ala. 15.    The court erred in sustaining de-
murrers to defendant's plea in abatement.—*Spivey v.
The State* 56 So. 233; Section 35, Acts 1909, p. 316.    The
caption of the indictment was not sufficient to sustain
the same.—*Carmichael v. Matthews,* 134 Ala. 210.

R. C. BRICKELL, Attorney General, and W. L. MARTIN,
Assistant Attorney General, for the State.    The motion
to quash was properly overruled and demurrer sus-
tained to the plea of abatement.—Section 23, Acts
1909, 315.    The indictment was sufficient.—Section 7131,
Code 1907.

WALKER. P. J.—The indictment in this case was found by a grand jury organized at a term of the circuit court of Coffee county, held at Elba, under the terms of the "act to provide for holding terms of the circuit court of Coffee county twice each year at both Elba and Enterprise in said county," etc. Acts Special Session 1909, p. 427. By motion to quash, and also by plea in abatement the defendant suggested as an objection to the indictment that the jury box from which the names of the persons were drawn who were impaneled into a grand jury was kept in the office of the judge of probate of the county and not by the clerk of the court, as directed by the provision of Section 25 of the jury law (Acts Special Session 1909, pp. 305, 316), applicable in such a case. This objection could not be sustained without disregarding the provision of Section 23 of the jury law (Id. p. 315), "that no objection to an indict-ment on any ground going to the formation of the grand jury which found the same can be taken to the indictment except by plea in abatement to the indictment; and no objection can be taken to an indictment by plea in abatement except upon the ground that the grand jurors who found the indictment were not drawn by the officer designated by law to draw the same." The court did not err in sustaining the demurrer to the plea in abatement. The ruling made in the case of *Spivey v. State*, 172 Ala. 391, 56 South. 232, does not stand in the way of this conclusion. It was held that the indictment in that case was subject to objection on the ground that the grand jurors who found it were not drawn by the officer designated by law to draw them.

The record does not disclose any deficiency in the caption of the indictment whether that term is used to describe a part of the indictment itself (Code, § 7131), or in the technical sense in which it is properly employed

as descriptive of "that entry of record showing when and where the court was held, who presided as judge, the venire for the grand jury, and who were summoned and sworn as grand jurors." *Carmichael, President, etc. v. Matthews Clerk, etc.*, 134 Ala. 210, 32 South. 681. Both the indictment itself and the record entry referred to in the above quotation contained all that the law requires them to contain. There is no merit in the suggestion of a deficiency in this respect.

Affirmed.