# Askew *v.* The State.

### *Violating Prohibition Law.*

(Decided December 17, 1912.  60 South. 455.)

*Appeal and Error; Questions Reviewable; Motion in Arrest of Judgment.*—This court will not review a motion in arrest of judgment which undertakes to present objections to the indictment on grounds going to the formation of the grand jury which found it as that matter can be presented only by plea in abatement; nor will it review the court's action on a motion to quash an indictment not shown by the record or otherwise disclosed.

APPEAL from Baldwin Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Clem Askew was convicted of violating the prohibition law, and he appeals. Affirmed.

LESLIE HALL, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The motion to quash the indictment is not set out in the record, and therefore, cannot be reviewed.—*McQueen v. The State,* 138 Ala. 63; *Gaines v. The State,* 149 Ala. 29; *Lacy v. The State,* 154 Ala. 65. The motion in arrest of judgment based on matters going to the forma-

tion of the grand jury which found the indictment will not be considered, as this may be raised only by plea in abatement.—*Mathes v. The State,* 3 Ala. App. 7; *Thornton v. The State,* 59 South. 234; Acts 1909. p, 315.

WALKER, P. J.—The ruling on the defendant's motion to quash the indictment cannot be reviewed, as the record does not set out the motion or otherwise disclose the grounds of it.—*McQueen v. State,* 138 Ala. 63, 65 South. 39; *Lacey v. State,* 154 Ala. 65, 45 South. 680.

The court was not in error in overruling the motion in arrest of judgment. That motion undertook to present objections to the indictment on grounds going to the formation of the grand jury which found it. This is permitted to be done only by plea in abatement.—Section 23, Jury Law (Acts Special Session 1909, p. 315); *Thornton v. State,* 4 Ala. App. 205, 59 South. 234.

Affirmed.

## *Violating Prohibition Law.*

