# Ferguson *v.* Commissioners' Court of Jackson County.

## Cattle Tick Eradication.

(Decided April 25, 1914. Rehearing denied July 2, 1914.
65 South. 1028.)

1. *Animals; Contagious Diseases; Statutes; Repeal.*—The Acts of 1907, p. 415, Acts 1907, p. 583, Acts 1909, p. 187 and section 770, of the Code considered, and it is held that while Acts 1909, p. 187, is an amendment to section 770, of the Code, it is, so far as legislative intention is concerned, to be considered as amending Acts 1907, p. 583, and hence, such act should be considered as repealing by implication the prior amendments.

2. *Statutes; Repeal; Implication.*—If there is a reasonable field of operation for both enactments by a just construction, a statute will not be held to have been repealed by implication, and both will be given effect; the question of implied repeal is one of intention.

3. *Same; Enactment; Amendment; Reference.*—An attempted amendment of an act by the incorporation of an additional section therein without setting out any part of the original act, was abortive because violation of section 45, Constitution 1901.

4. *Same; Code Provisions.*—A section of the Code may be properly amended by reference to its number only in the title of the amendatory act without incorporating the same at length in the amendment.

5. *Certiorari; Scope; Records.*—A court of county commissioners being a court of limited jurisdiction, its records must affirmatively show jurisdiction when assailed by certiorari.

6. *Same.*—Where county commissioners pass certain orders intended to initiate work of cattle tick eradication in the county under an unconstitutional statute, certiorari was the proper remedy to review and vacate the orders.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Certiorari by Robert L. Ferguson to review an order of the Commissioner's Court of Jackson county putting in force the initiative work of cattle tick eradication in said county. From an order of the circuit court dismissing the petition, petitioner appeals. Reversed and remanded.

W. H. NORWOOD, for appellant. All material facts alleged in the petition and not denied must be taken as true.—6 Cyc. 790. If it be assumed that the act of August 26, 1909, became a valid law, it did not repeal directly or by implication the Act of August 20, 1909.— *City Council v. B. & L. Assn.,* 108 Ala. 336; *City of Birmingham v. So. Ex. Co.,* 164 Ala. 539. The Act of August 20, 1909, is violative of § 45, Constitution 1901. —*Benton v. City of Girard,* 168 Ala. 175; *Dowling v. City of Troy,* 173 Ala. 468; *State v. Miller,* 158 Ala. 59. The commissioners' court is of statutory authority and limited jurisdiction, and its records must affirmatively show facts giving it jurisdiction.—*Jones v. Winston,* 68

[Ferguson v. Commissioners' Court of Jackson County.]

Ala. 129; *Lowndes County v. Hearne,* 59 Ala. 371; *Ex parte Boynton,* 44 Ala. 251. Certiorari was the proper remedy.—*Miller v. Jones,* 80 Ala. 89.

BOULDIN & WIMBERLY, for appellee. A comparison of the Acts approved August 6, 1907, and August 26, 1909, will show that the law makers strictly and literally followed the requirements of § 45 of the Constitution, and that the latter act is strictly amendatory of the former act.—*State v. Patterson,* 146 Ala. 128; *Montgomery v. State,* 107 Ala. 372. The rule is almost universal that where several acts cover the same subect-matter, the last expressed will of the Legislature is in force and repeals all inconsistent legislation.—*Comer v. Age H. P. Co.,* 151 Ala. 613; *Glasscock v. State,* 159 Ala. 90; *City of B'ham v. Baranco,* 58 South. 944; *Darrington v. State,* 162 Ala. 60; *Almon v. City of Mobile,* 162 Ala. 226; *Jordan v. McClure L. Co.,* 170 Ala. 289. The constitutionality of the principal act of March 12, 1907, has been upheld in *State v. McCarty,* 59 South. 543.

GARDNER, J.—By this proceeding we are invited to review the act of the Legislature approved August 26, 1909 (Acts Sp. Sess. 1909, p. 187), which purports in its body to amend the act establishing a state live stock sanitary board, approved March 12, 1907 (Acts 1907, p. 413). This last-mentioned act, found in our Code (section 757 et seq.), was under review by the Court of Appeals in the case of the *State v. McCarty,* 5 Ala. App. 212, 59 South. 543, where its constitutionality was upheld.

The constitutionality of the act approved August 26, 1909, is here attacked, but, under the well-known rule of this court, such questions will not be considered, unless necessary to the determination of the case.

A brief review of the acts amendatory of that establishing the state live stock board, approved March 12, 1907, is therefore necessary.

It seems that under the provisions of section 765 of the Code the work of cattle tick eradication and of the suppression of any contagious or communicable diseases of live stock should be undertaken in any county or in any part of the state when the state live stock sanitary board decided best. As above noted, this act became a law on March 12, 1907.

The Legislature passed an act approved August 6, 1907 (Acts 1907, p. 583), which purported to amend the act of March 12, 1907 (hereinafter referred to as the original act), by adding thereto what was denominated section 16, and which now appears in the Code as section 770. It read as follows: "None of the provisions of this article shall apply to or be put in force in a county where the majority of its area is not under a stock law, or a law prohibiting cattle from running at large."

Subsequently, by an act approved August 20, 1909, this latter act was amended by the Legislature, by reference to section 770 of the Code, by which amendment that section was made to read as follows: "None of the provisions of this article relating to the work of cattle tick eradication shall apply to or be put in force in a county where the majority of its area is not under a stock law, or a law prohibiting cattle from running at large."—Acts Sp. Sess. 1909, p. 61.

Subsequently another act was passed (approved August 26, 1909) purporting to amend the said original act by adding thereto section 16, to read as follows: "That whenever the court of county commissioners or the board of revenue, as the case may be, in any county of this state, shall enter an order providing that the provisions of this act be put in force in the county, in which

said court of county commissioners or board of revenue hold office, the said county shall be placed under the provisions of said act."

The petition in this case shows that the county of Jackson has not the majority of its area under stock law. None of the averments of the petition are denied; and we are therefore authorized to here accept them as true.—6 Cyc. p. 790.

It is therefore insisted that the above-mentioned act approved August 26, 1909, does not repeal the act of August 20, 1909, the same containing no repealing clause, and that as there is room for the operation of both acts, both should stand. If this view should be accepted, it would become unnecessary to consider the constitutional question involved.

We recognize the rule that repeal by implication is not favored, and that it is never invoked if there is a reasonable field of operation, by just construction, for both enactments and in such event both will be given effect. . However, the question of implied repeal is one of intention.

"The construction of statutes is correct that gives to each the effect which the statute maker intended. The intent of the lawmaker is the law."—*City of Birmingham v. Southern Express Co.*, 164 Ala. 529, 51 South. 159.

The above amendments clearly indicate that the legislative mind was disturbed only concerning what localities should be affected by the law. The original act fixed this entirely within the discretion of the live stock board. The first amendment limited this jurisdiction, as to the entire act, to those counties where the majority of the area was under stock law. It will be noted that this first amendment was made by adding to the original act a section numbered 16. The next amendment confined the exemption of the above act to the

work of cattle tick eradication.—Act August 20, 1909, supra.

While this latter act is an amendment to section 770 of the Code, it is, so far as legislative intention is concerned, to be considered as if amending the said act of August 6, 1907, which added section 16 to the original act.

The act of August 26, 1909, purports to amend the original act by adding section 16, by which amendment it is left with a local board, the court of county commissioners or the board of revenue, as the case may be, to determine whether or not the provisions of the original act shall become effective in that county. It is thus seen that each of the above amendments relates to the same perplexing question. The amendment of August 26, 1909, purports to add to the original act the same provision numbered section 16 that was purported to be added by the act of August 6, 1907. The last amendment provides that whenever the court of county commissioners or board of revenue of any county of this state (excepting none) shall so order the provisions of the act shall become effective in that county. The language used is plain and comprehensive and admits of no exceptions.

When we consider the purposes of the original act, and the history of these amendments, and the one object sought to be attained by them, together with the working of this last amendatory act, we are persuaded that it was clearly the intention of the Legislature that this amendment should supersede the others, and that the others were thereby repealed by implication. By this conclusion we are driven to a consideration of the constitutionality of the act approved August 26, 1909.

It is insisted by counsel for appellee that this act was declared constitutional by the Court of Appeals, in the

case of the *State v. McCarty, supra.* There are expressions in this opinion, on the application for a rehearing, which tend to support this insistence. It needs only a careful reading of what was there said, however, to demonstrate that the court was dealing with the act, so far as any constitutional question was concerned, only in a broad and general sense, to the effect that it was competent for the Legislature to provide that the law shall become effective in any particular county upon the order of the local board. And in support of this conclusion the opinion cites the case of *Dunn v. Wilcox County,* 85 Ala. 144, 4 South. 661.

It will therefore be seen that the opinion in *State v. McCarty, supra,* did not deal with the objections to the act upon constitutional grounds here insisted upon, nor is there anything to indicate that the same were in any manner called to the attention of that court.

It is urged in the first place by counsel for appellant that the act of August 26, 1909, is violative of that portion of section 45 of our Constitution which requires that "each law shall contain but one subject, which shall be clearly expressed in its title."

It is further insisted that, even should the act be not violative of the above provision of section 45 of the Constitution, it still must fall, as in violation of that part of said section 45 of the Constitution which reads:

"And no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred, shall be re-enacted and published at length."

We will here treat this latter insistence, and, as will appear, this is conclusive of the case. It therefore becomes unnecessary that we consider the former insistence.

[Ferguson v. Commissioners' Court of Jackson County.]

It is noted that the act of August 26, 1909, amends the said original act of March 12, 1907, by adding a section thereto numbered 16. No part of said original act is set out; the amendment being attempted solely by the incorporation in the act of an additional section.

This question was directly presented in the case of *Tuscaloosa Bridge Co. v. Olmstead,* 41 Ala. 9. The title of the act there under review was: "An act to amend an act entitled an act to incorporate a company to build a bridge across the Warrior river, opposite, the city of Tuscaloosa, approved January 2nd, 1833."

The first section of this act read as follows: "Be it enacted by the Senate and House of Representatives of the state of Alabama in general assembly convened: That the above-recited act be amended, by additional sections, numbered and worded as follows, which additional sections shall, for all purposes, be deemed and held as a part of the original act, to the same extent, and in the same manner, as if the same had been incorporated therein at the time of its passage."

The act then proceeds to add and set out additional sections 11, 12, and 13.

The court says: "The language of the constitutional provision is as follows: 'No law, nor any section of any law, shall be revised or amended by reference only to its title and number, but the law or section revised or amended shall itself be set forth at full length.'

"In the cases of *Ex parte Pollard* and *Ex parte Woods*, 40 Ala. 77, we used the following language, in reference to the meaning and effect of this clause: 'It was never intended by the Constitution that every law which would affect some previous statute of variant provisions on the same subject should set out the statute or statutes so affected at full length. If this were so, it would be impossible to legislate. The constitutional

[Ferguson v. Commissioners' Court of Jackson County.]

provision relates to those cases, where the act is strictly amendatory or revisory in its character. Its prohibition is directed against the practice of amending or revising laws by additions, or other alternations, which, without the presence of the original, are usually unintelligible. If a law is in itself complete, and original in form, it does not fall within the meaning and spirit of the Constitution.

"The act under consideration most clearly comes within the scope of the clause of the Constitution thus construed. It is in form not original, but amendatory. It is placed in the legal attitude of being incorporated in additional sections in the original act; and its full effect cannot be determined without reference to the original act; for the entire operation of one or more provisions of an act cannot be safely pronounced without an examination of the others, with which, as parts of a whole, they are to be compared and construed. The act here is not in parallelism with those which, aiming at original legislation, affect some older law upon the same subject, merely because it happens to contain some different provisions. The act in question is declared by the Legislature to be an amendment. It is named and baptized by its authors an amendment. It falls actually, and by profession, in substance and in form, within the constitutional provision. A judicial exclusion of such an act from the prohibition of the Constitution would practically disregard its mandate. While it remains, it is our duty to enforce it, whether wise or unwise, convenient or inconvenient."

It is pointed out in that case as the reasons for the constitutional provision not only that the Legislature may not be misled, or be mistaken, as to the enactment, but also that the Governor may be fully informed by the act what it is that he is called upon to approve or

to veto, and that others may also be assisted as against any misapprehension.

It is further said in the opinion in the *Olmstead Case, supra,* 41 Ala. 21, that: "To have the law amended and the amending law presented in juxtaposition facilitates the comprehension, and consults the convenience of all who examine the law after its enactment, as well as of the Legislature, which examines it on its passage."

It is further said in the opinion (41 Ala. 19): "We have given careful attention to the argument that the clause of the Constitution under consideration is a mere rule of legislative proceeding, and does not render void a law not conformable to it. An anxious desire to allow effect to the will of the Legislature, and to avoid a seemingly harsh visitation of a rule, the usefulness of which is hardly proportionate to its inconvenience, induced us to prolong our advisement on the case, with the hope of discovering reason or authority which would lead us to the support of that argument. But it still seems to us that the clause raises a question of legislative power, and is not a mere rule for the government of the General Assembly in its proceedings. The prohibition is emphatic that no law shall be revised or amended, except in the mode specified. This is a command not specially or professedly addressed to the Legislature alone. It is as general and comprehensive as any prohibition in the Constittuion. It is binding upon the executive, who approves or disapproves bills, and upon the judiciary, who declare the law, as well as upon the Legislature."

We have quoted so freely from the above-cited case for the reason that it seems to be directly in point, and the language there used is applicable here. We may have the same earnest desire, as therein expressed, to uphold the legislative will, but this constitutional provi-

sion, which is emphatic and mandatory, is binding upon us. The constitutional provision there under consideration, and that portion of section 45 of our present Constitution applicable here, are each set out above; and there appears to be no substantial difference between the two in this particular.

The case of *Tuscaloosa Bridge Co. v. Olmstead, supra,* has not been either overruled or modified by any subsequent decision, so far as our research discloses. On the contrary, it is cited and quoted, with apparent approval in *Bates v. State,* 118 Ala. 106, 107, 24 South. 448. It is also cited, on the question as to whether the constitutional provision is mandatory or directory only, in the more recent case of *Coleman, et al. v. Town of Eutaw, et al.,* 157 Ala. 333, 47 South. 703. Its holding is therefore the declared law of this state, and has remained so for nearly half a century.

That the act of August 26, 1909, comes clearly within its influence there can be no doubt. It amends in the body of the act the act of March 12, 1907, without further reference thereto, by simply adding a new section. The act therefore comes under the prohibition of that portion of section 45 of the Constitution above quoted, and must for this reason fall. We so conclude, with full recognition of the rule that all presumptions are indulged in favor of the validity of a statute; but that this act fails to meet the constitutional requirements, in the respect above indicated, we are convinced beyond a reasonable doubt.

This brings us, then, to the act of August 20, 1909. This act is amendatory of section 770, Code. While the constitutionality of this act is not argued by counsel, yet, due to the importance of the subject, we deem it proper to state our conclusions concerning it.

That a section of the Code may be amended by ref-

erence to its number in the title of the act has been expressly held, and is well understood.—*Ex parte Cowert,* 92 Ala. 94, 9 South. 225. In that case the reason for the holding is thus expressed: "The theory upon which this scant expression of the subject of the amendment is held to meet the constitutional requirements is that members of the General Assembly are supposed to know the provisions of the section to be amended, and that the subject to which those provisions relate is the subject also of the amendatory act."

This being the reasoning—and its soundness cannot be doubted—the fact that section 770, Code, did not become a part thereof, because passed subsequent to the act adopting the Code, can have no effect upon the act amending it. The section was in the Code, and properly so, and the legislative mind was therefore directed to that section which gave thereby full information as to what was to be amended. The act of August 20, 1909, is free from constitutional objection.

Whether or not the act of August 6, 1907, which is now section 770, Code, was subject to attack upon any constitutional ground, it is unnecessary to consider, for, if said section 770 of the Code was properly amended, that question becomes immaterial. This is expressly held in *Street v. Hooten,* 131 Ala. 492, 32 South. 580 (second headnote).

The results of our deliberations therefore leaves unaffected the act of August 20, 1909, which amended section 770 of the Code, and which reads as follows: "None of the provisions of this article relating to the work of cattle tick eradication shall apply to or be put in force in a county where the majority of its area is not under a stock law, or a law prohibiting catttle from running at large."

[Ferguson v. Commissioners' Court of Jackson County.]

Under the averment of the petition, which we are to take as true, as before shown, the majority of the area of Jackson county is not under stock law or a law prohibiting cattle from running at large, and therefore, under said act of August 20, 1909, the provisions of the original act relating to the work of cattle tick eradication do not apply to said county.

It is evident that the court of county commissioners, in many of its orders, was acting under the authority of the act of August 26, 1909, which we have here declared void. It is a court of limited statutory authority, and to support its proceedings, when assailed on certiorari, its records must affirmatively show jurisdiction.—*Com. Court, Lowndes County v. Hearne,* 59 Ala. 371.

That the appellant has pursued the proper remedy in this case is not questioned by counsel in brief.—*Miller v. Jones,* 80 Ala. 89.

It therefore follows that any orders of the said commissioners' court, so far as the same relate to the work of cattle tick eradication, are void, and should have been quashed, as sought by the petition.

We remand the cause to the court below for this purpose. The judgment of the court below dismissing the petition is reversed, and the cause is remanded to the circuit court for appropriate orders in conformity with this opinion.

Reversed and remanded. All the Justices concur.