# Town of Athens *v.* Miller.

## *Damages for Death by Electricity.*

(Decided November 7, 1914.   66 South. 702.)

1. *Municipal Corporations; Actions Against; Pleading.*—Where the action was against a town, operating an electric lighting plant, for death caused by negligently allowing a low voltage light wire to become charged in some manner, with a dangerously high voltage current, it was not necessary to allege that any particular person or servant or agent or officer of the town was guilty of the negligence complained of, or to make such officer or agent a party, as required by the Code, unless the party jointly liable is known.

2. *Same; Action for Injury; Presentation of Claim.*—The provisions of section 1191, Code 1907, are in effect a mere statute of nonclaim, and a commencement of an action within the time specified is a sufficient presentation and a compliance with the statute.

3. *Same.*—Under section 1275, Code 1907, where the injuries complained of caused instant death, an itemized statement of the damages was not necessary, especially where the entire claim was disallowed by the town council, as the damages recoverable by the statute are such damages as the jury may assess, and there is no way of ascertaining their exact amount, except by a verdict of the jury.

4. *Same; Liability for Tort; Governmental or Proprietary Capacity.*—When a municipality engages in the business of furnishing electric lights, water, etc., it is not in the exercise of governmental powers or functions, but of proprietary or business powers, and it is governed by the same rules of law applicable to persons or ordinary business corporations engaged in a similar business.

5. *Stipulation; Force and Effect.*—Where, by an agreement of counsel, it was admitted that the statement required by statute, setting forth the facts required thereunder, was duly and properly presented within the time required by the statute, and that the town council disallowed the claim, and refused payment thereof, such admission cured any error in the rulings on the pleading or the evidence with respect to the presentation of the claim for death.

6. *Courts; Terms; Adjourned or Special Terms.*—Where there was not sufficient time to try a case before the adjournment or expiration of the regular term, by law, it was not error for the court to order an adjourned term to commence immediately, and in then adjourning the regular term and immediately reconvening the court in an adjourned term.   (Section 3942, Code 1907). It being in the discretion of the court to call an adjourned rather than a special term, and to have it begin at once, instead of at some future time.

7. *Jury; Special Term; Adjourned Term.*—An adjourned term is a mere continuation of the regular term, and it was within the discretion of the court to continue the juries for the regular term in service

[Town of Athens v. Miller.]

for the adjourned part of the term, instead of ordering a special venire; but had he ordered a special term, and not a continuance of a former term, special venires would have been necessary, as a special term is a separate and distinct entity.

8. *Same; Term of Service; Statute.*—Where the regular term of the court expired by law on Saturday, and an adjourned term immediately convened, at which a case was placed on trial before the regular jurors for that week, in which case a verdict was returned on Sunday, there was no ground for objection in the fact that the jurors remained in session until the week following that for which they were summoned, when considered in the light of the provisions of section 7247, Code 1907.

9. *Sunday; Judicial Proceedings; Return of Verdict.*—As verdicts may be returned on Sunday if that day is a part of the term, there was no objection to the return of the verdict in this case on Sunday, as the order calling the adjourned term extended the term, and the verdict was returned within the time.

10. *Charge of Court; Misleading.*—A charge asserting that to find a verdict for plaintiff, the evidence upon every point essential to his recovery must so preponderate in his favor as to leave in the minds of the jury no reasonable doubt as to his right of recovery, was properly refused as misleading, as tending to lead the jurors to believe that they should not consider the evidence as a whole, and that the evidence to prove one point could not be considered in finding the facts as to other points.

11. *Electricity; Injuries From; Res Ipsa Loquitur.*—Where a person receives a shock whereby he was killed, while turning an electric light on or off, the doctrine of res ipsa loquitur applies.

12. *Evidence; Opinion; Hypothetical Question.*—Where the action was for death from an electric shock received while turning on or off an electric light, and the doctrine of res ipsa loquitur applying, it was proper to permit questions to expert witnesses which hypothesize a grounding in the primary line or system, although there was no direct proof of such grounding, where such expert evidence in connection with the doctrine of res ipsa loquitur would have authorized a finding of such grounding.

APPEAL from Limestone Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by May M. Miller, as administratrix, against the town of Athens for damages for the death of her intestate. Judgment for plaintiff, and defendant appeals. Affirmed.

The pleadings and the facts sufficiently appear in the opinion.

The following is the order for the adjourned term: Whereas, this term of this court expires by limitation

of law at 12 p. m. Saturday, January 18, 1913; and whereas, there is now on trial in this court, unfinished, the case of May M. Miller, as administratrix, etc., v. Town of Athens; and whereas it is evident to the court that this case cannot be completed before or by 12 o'clock p. m. on this day; and whereas, in the opinion of the presiding judge, it is expedient to hold an adjourned term for the completion of this case now on trial, and for the transaction of other business before the court undisposed of: It is ordered that this regular term be at this hour 11:30 p. m., January 18, 1913, adjourned, to be immediately reconvened in adjourned session or term for the completion of the aforesaid cause and for other business, all of which is accordingly done, and this court is at this hour, 11.32 o'clock p. m. January 18, 1913, immediately reconvened in adjourned term. It is further ordered that, as this adjourned term is but a continuation of the regular term, the jury selected and trying this case be held to continue its consideration until they render a verdict or are discharged by the court.

(Signed.) D. W. Speake, Judge.

Defendant moved to set aside, vacate, and annul the judgment rendered on January 20, 1913, because of said order, and because the judgment was rendered on Sunday. This motion was overruled.

The following is the hypothetical question objected to: If an arc light carrying 2,300 or 2,400 volts were to come in contact with a secondary wire, each provided with insulation two or three years old, and there was a good ground on the one side or other of the plant system, what effect would that have on the secondary wire? And if, in any system of the character here, there should be a ground at some point, say on the eastern part of the line, and a person standing on the

[Town of Athens v. Miller.]

ground were to take hold of an arc light, or one of these socket lights, what effect would that have upon him? And if the insulation of an arc light wire carrying 2,300 or 2,400 volts was two or three years old, and should come in contact with a secondary wire with insulation two or three years old, would it, or not, charge the secondary wire with its voltage, if there was a ground on one side of the plant?

The following is charge 9: In order to find a verdict for plaintiff, the evidence upon every point essential to his recovery must so preponderate in his favor as to produce in the minds of the jury a reasonable belief as to plaintiff's right of recovery.

J. E. HORTON, JR., and JAMES G. RANKIN, for appellant.

W. R. WALKER, for appellee.

MAYFIELD, J.—The action is under the homicide statute, to recover damages for wrongful death. The town of Athens operates an electric light plant, for the purpose of furnishing electric lights to the public. The complaint alleges, and the proof practically without dispute shows, that intestate met his death by a powerful and dangerous current of electricity passing through his body while he was attempting to turn on an incandescent burner, which was furnished by the town to the intestate or his company in his or its capacity as a customer.

Various theories are advanced as to the cause of this heavy charge of electricity being on the wire or line to which the incandescent light was attached. It is agreed that this line should have carried only about 110 volts, and that such current was not dangerous to human life when used as intestate was supposed to have

used it. There were, however, other lines or wires used by the defendant, which carried the very heavy and dangerous voltage of 2,400; but whether these lines came in contact with the light-furnishing wire, so that the heavy charge passed into the less heavily charged commercial wire, or how the latter became so heavily charged, is not made to appear with certainty.

(1) The complaint contained four counts. The negligence alleged in each of the counts is, in legal effect, that the said town of Athens negligently charged or allowed the wire that furnished said ice plant with electric light to become charged with an unreasonable, unnecessary, and dangerous amount of electricity from said primary wires, which was transmitted to plaintiff's intestate when he attempted to turn on or off the said electric light, and thereby killed plaintiff's intestate as averred. Demurrers were overruled to each count of the complaint as amended, and error is assigned as to each count.

Each count of the complaint stated a good cause of action, and sufficiently alleged that the death of plaintiff's intestate was wrongfully caused by the negligence of the defendant, and that it was the proximate result of allowing the wire in question to become too heavily charged with electricity, and so heavily charged as to kill intestate when he attempted to turn off or on the light furnished by the defendant. It is not necessary, in an action like this, to name any particular person or servant, or agent, or officer of the municipal corporation as the one guilty of the negligence complained of. There was shown in the pleadings and the proof a sufficient reason for not making such officer or agent of the city a party to the action, as the Code directs, when such person is known and is jointly liable with the city.

(2) The complaint, and each count thereof, sufficiently complied with sections 1191 and 1275 of the Code, as to the propounding of the claim before suit brought.

Moreover, section 1191 of the Code was held by this court to be a mere statute of nonclaim, and it was further held that, if the action is brought within the time specified, this is a sufficient presentation and compliance with the statute; and the action in this case was brought within the time.—*Anderson v. Birmingham,* 177 Ala. 302, 58 South. 256.

(3, 4) The complaint, however, does aver that the claim was presented and disallowed as to the whole or any part thereof. If the city thus denied liability for any amount, an itemized statement would and could be of no service. The very nature of the claim in this case would prevent any itemization. The only liability claimed is the statutory one for wrongful death; the damages imposed therefor being in the nature of a penalty—"such damages as the jury may assess." The law provides no mode, when the facts are known, of ascertaining the exact amount of damages, except by the verdict of the jury. The plaintiff could not, therefore, know the amount of damages to which she was entitled. While she would be required to present her claim for damages, there could be no itemized account, and she could not, from the nature of the claim and the provisions of the statute, know the exact amount to which she would be entitled. If, however, there could be any error as to rulings on pleadings or on the evidence, as to the presentation of the claim, it was cured by the following agreement of counsel: "It is admitted in this case that the statement required by section 1275 of the Code of Alabama of 1907, setting forth the facts required thereunder and propounding her claim, was duly and properly presented in accordance with said

statute, and the town council of said town of Athens disallowed this claim and refused payment thereof, and that the same was filed within the time required by said section of the Code."

(5, 6) There was no reversible error as to the court's ordering an adjourned term, and continuing the same jury until they rendered a verdict, on Sunday after the expiration of the regular term, but during the adjourned term. Section 3249 of the Code provides for the calling of such adjourned terms. The statute makes it discretionary with the trial court as to when he will call or order such a term, and whether it shall be a special term or an adjourned term, and whether the term called shall begin at once, on the expiration of the regular term, or at some named day in the future; and if an adjourned term is ordered, it is a mere continuation of the regular term, no interregnum resulting, and the juries for the regular term may be continued in service for the adjourned part of the term, it not being necessary in such cases to order new venires for the adjourned part of the term. The course pursued by the trial court in this case is therefore approved.

It is true that the statute vests in the trial court a discretion as to whether he will continue the juries in service for the regular term, or whether he will order special venires. If the court should order a special term, and not an adjourned term, then, of course, there would have to be ordered special venires as directed by the statute; but where he orders an adjourned term, which is a mere continuation of the regular term, then we see no reason why the court may not continue the venires then in service, for the adjourned part of the term. —*Emrich v. Gilbert,* 138 Ala. 316, 35 South. 322; *Hundley v. Yonge,* 69 Ala. 89. There is, of course, a marked distinction between an adjourned term, which is a mere

[Town of Athens v. Miller.]

continuation of the regular term, and a special term, which is not such a continuation of a former term, but which is a separate and distinct entity. The decision in the *Pope Case,* 165 Ala. 68, 51 South. 521, is not applicable here. The term there ordered was a special term, a separate entity, of necessity, because the statute fixing the regular term was held to be void, and there was therefore no regular term to be adjourned. It was not, as was the adjourned term in this case, a mere continuation of the regular term. Neither is *Holland's Case,* 162 Ala. 5, 50 South. 215, here in point. ·

(7) So far as the jury's remaining in session until the next week is concerned, there is no objection to this, provided the term has not expired. Section 7247 of the Code provides for cases where jurors are actually engaged in the trial of a case when the week for which they were summoned expires; it provides that they may serve into the next week and until that case is disposed of, or until they are discharged by the court.

(8) There is no valid objection to a jury returning a verdict on Sunday. This has been several times decided by this court.—*Simmons v. State,* 129 Ala. 41, 29 South. 929; *Reid's Case,* 53 Ala. 402, 25 Am. Rep. 627; *Dixon v. State,* 76 Ala. 89. The particular Sunday must, however, be a part of the term of the court at which the trial was had, otherwise the verdict would be void. If the judge in this case had called a special term, instead of an adjourned term, we are not prepared to say that the jury could have rendered a verdict after the term had expired. It is only where an adjourned term is called, which is in effect but extending the regular term, that the juries may render verdict after the expiration of the regular term. The term being extended by the order of the court before the verdict is rendered, and the verdict being rendered with-

in the time to which the term is extended, it is, of course, rendered within the term.

(9) While charge 9 may assert a correct proposition of law, it is not error for the court to refuse it. It may be so worded as to be argumentative or misleading, as applied to the particular case on trial. The charge as applied to this case possesses misleading tendencies. It has a tendency to impress the jurors that they should consider the evidence upon every point seriatim, and not consider it all together as a whole, and that the evidence to prove one point could not be considered, in finding the facts as to other points; that each point of the case should be found separately. For this reason, if for no other, the charge was properly refused.

(10, 11) This was a case in which the doctrine of res ipsa loquitur applied (*Appleton's Case,* 171 Ala. 324, 54 South. 638, Ann. Cas. 1913A, 1811); hence there was no error in allowing the plaintiff to propound hypothetical questions to the expert witnesses. The main reason assigned and urged for error is that the questions assumed that there was a grounding in the primary line or system, and that there was no proof therefor. It is true that this was a disputed fact, and that there was no direct proof thereof; but there was other expert evidence—some introdued by the plaintiff, and some by the defendant—which, in conjunction with the doctrine of res ipsa loquitur, would authorize the jury to infer that there was such a grounding, otherwise the accident could not have happened. There was ample evidence to authorize the submission of the case to the jury, and also to support the verdict; hence, there was no error in refusing the affirmative charge requested by the defendant, nor in denying the motion for a new trial.

[Nashville, Chattanooga & St. Louis Railway v. Vincent.]

(12) When a municipality engages in the business of furnishing electricity, lights, water, etc., to the public, it is not then discharging or exercising governmental functions or powers, but is, quoad hoc, exercising proprietary or business powers, and as to such business it is governed by the same rules of law which are applicable to ordinary business corporations engaged in like businesses.—*Bessemer City v. Bessemer Waterworks Co.*, 152 Ala. 391, 44 South. 663; *Darby v. Union Springs*, 173 Ala. 709, 55 South. 889; *Posey v. North Birmingham*, 154 Ala. 511, 45 South. 663, 15 L. R. A. (N. S.) 711. The Municipal Code does not change this rule of law as above declared.

We deem it unnecessary to discuss the other errors assigned, as they are disposed of by what we have said above. We find no error in the record, and the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and DE GRAFFENRIED, JJ., concur.