# Harkey *v.* The State.

*Violating Prohibition Law.*

(Decided May 13, 1915.  68 South. 698.)

*Criminal Law; Sentence.*—Where the jury found defendant guilty of violating the prohibition law, and fixed no fine as they might have done, the court was without power under section 7630, Code 1907, to sentence defendant to pay the fine.

APPEAL from Tuscalooosa County Court.

Heard before Hon. H. B. FOSTER.

John Harkey was convicted of violating the prohibition law, and he appeals. Affirmed as to the conviction but reversed and remanded as to the sentence.

[Harkey v. The State.]

No counsel marked for appellant.

W. L. MARTIN, Attorney General, for the State.

THOMAS, J.—There is no bill of exceptions, and no errors are apparent on the face of the record, except as to the sentence, which is erroneous.

The charge against defendant was for a violation of the prohibition laws in selling, keeping for sale, or other unlawful disposition, of intoxicating liquors. The jury returned a general verdict of guilty, but fixed no fine, which they might have done under section 3 of the act of August 9, 1909 (Gen. & Local Acts Sp. Sess. 1909, p. 9), but which they refrained from doing, as we must infer, under the power of section 7630 of the Code, which provides that: "When [as is the case here] an offense may be punished, in addition to a fine, by imprisonment or hard labor for the county, the jury shall not be required to impose a fine; but, if in their judgment, the defendant should only be punished in some other mode, may, in such case, only find him guilty and leave the imposition of the punishment to the court."

The court, however, in the imposition of the punishment in such case, cannot assess a fine, as this was the prerogative of the jury, but is limited to the imprisonment of defendant in the county jail or to his confinement at hard labor for the county.—Gen. & Local Acts 1909, p. 9, § 3; *Spiver v. State,* 105 Ala. 126; 16 South. 706; *Melton v. State,* 45 Ala. 56; *Nelson v. State,* 46 Ala. 186; *Stanfield v. State,* 3 Ala. App. 58, 57 South. 402.

Here, the court not only imposed a hard-labor sentence of two months, but also assessed a fine of $75 against defendant.

The judgment appealed from is therefore reversed back to the adjudication of guilt, to the end that the court may impose a punishment and sentence in compliance with the requirements of the law as indicated.

Affirmed in part, that is, as to the judgment of guilt, and reversed and remanded in part, that is, as to the punishment and sentence.