# *Ex Parte* Brown.

### Habeas Corpus.

(Decided August 1, 1916. Rehearing denied September 7, 1916. 72 South. 772.)

1. **Courts; Terms; Adjourned Term.**—An adjourned term is but a continuation of the regular term, and the court can exercise all the authority and jurisdiction at an adjourned term that it could exercise at the regular term.

2. **Habeas Corpus; Return; Waiver.**—Where a petitioner proceeds to trial on the merits in habeas corpus without interposing objection to the return, the Chancellor can properly disregard such insufficiency.

3. **Courts; Terms; Adjourned Term.**—Under the act creating the law and equity court of Morgan County, Acts 1907, p. 170, §§ 1, 7 and 19, when considered with § 3249, Code 1907, the judge of the law and equity court of Morgan County can, during the regular term, order the holding of an adjourned term to try undisposed of cases at a time not fixed for a regular term.

[Ex Parte Brown.]

APPEAL from Morgan Chancery Court.

Heard before Hon. JAMES E. HORTON, JR.

E. M. Brown brought habèas corpus to secure his release from custody after a conviction for crime. The writ was denied and petitioner remanded to custody, and he appeals. Affirmed.

(Ed. Note—This cause was reviewed by the Supreme Court on certiorari and writ denied. See *Ex parte Brown,* 198 Ala., 73 South. 999.)

G. O. CHENAULT, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

BROWN, J.—The appellant attacks the validity of the judgment of the law and equity court of Morgan county, convicting him of crime under which he is held in custody by the superintendent of convicts of that county.

It appears from the record in this case that on the 29th day of December, 1915, during the regular term of the court, an order was duly entered upon the minutes of the court, signed by the presiding judge, and reciting;

"It appearing to the court and the judge thereof that there has been a failure to dispose of all the business of the court at this term, and in the opinion of the court and the judge thereof an adjourned term is necessary" followed by an order adjourning the court to reconvene on the 3d day of January, 1916, and it was at this adjourned term the judgment under which the petitioner is held was rendered.

The statute creating the court provides for two regular terms in each year; "the spring term," beginning on the first Monday of February of each year, "and may continue in session five months;" the fall term, beginning on "the first Monday in September of each year, and may continue in session four months, or during the remainder of the year."—General Acts 1907, p. 173, § 7.

The appellant contends that no authority is found in the statute of its creation for the court to hold an adjourned term for the trial of pending causes, and therefore the judgment under which he is held is void. Section 1 of the act creating the court confers upon it all the jurisdiction, functions and powers "which are now, or may hereafter be, by law, conferred upon

the several circuit, chancery and city courts of the state." Section 3 confers upon the judge of the court "all the powers and functions which are or may hereafter be, lawfully exercised by the judges of the circuit courts and chancellors of the state."

Section 7 provides: "The said Morgan county law and equity court shall be held in each year as may be determined and fixed by the presiding judge."

Section 19 provides: "That all laws of a general nature now in force or that may hereafter be enacted giving jurisdiction to the circuit court and chancery court, shall be held to extend and apply to said [law and equity] court, although the said court may not be mentioned therein," etc.—General Acts 1907, pp. 170-179.

By act approved August 9, 1907, the original act creating the court was amended by adding sections 37 to 40, inclusive, and in section 39 we find the provision: "That at any time during the vacation or during any regular term of said court if, in the opinion of the judge of this court, a session of the court shall be held, the judge of this court, upon making a minute entry therefor, is hereby empowered and authorized, to declare [a] session for such purpose or purposes."—General Acts 1907, p. 635, § 39.

In view of these provisions, and especially those found in sections 1 and 39 quoted above, conferring on the law and equity court all the jurisdictions, power, and authority of a circuit court, and upon the judge the authority to convene the court at any time in his opinion it is necessary, the court, and the judge thereof, was acting clearly within the authority conferred by the statute when the order was made adjourning the regular term of the court to a future day not within the regular term.—Code 1907, § 3249; *Hafley v. State,* 8 Ala. App. 378, 62 South. 319; *Ogles v. State, infra,* 72 South. 598.

(1) An adjourned term is but a continuation of the regular term, and the court may exercise all the authority and jurisdiction at an adjourned term it could exercise at the regular term. —*Town of Athens v. Miller,* 190 Ala. 88, 66 South. 702; *Whatley v. State,* 144 Ala. 74, 39 South. 1014; *Ashford v. McKee,* 183 Ala. 620, 62 South. 879.

(2) Without objecting to the sufficiency of the return of the writ, the appellant proceeded to a trial on the merits, wherein it was shown that he was held under a valid judgment. On this showing the chancellor properly disregarded the insufficiency of

the return, and remanded the petitioner to custody.—*Bray v. State*, 140 Ala. 172, 37 South. 250; 21 Cyc. 321 (c) (94) ; *Bullock v. Robertson*, 160 Ind. 521, 65 N. E. 5; *In re. Newkirk*, 37 Mics. Rep. 404, 75 N. Y. Supp. 777.

The order of the chancellor is therefore affirmed.

Affirmed.

## ON REHEARING.

(3) Conceding the contention of appellant that the act approved August 9, 1907 (Acts 1907, p. 635) is unconstitutional (*Ferguson v. Court of County Commissioners of Jackson County*, 187 Ala. 645, 65 South. 1028), the provisions of the original act referred to in the foregoing opinion, in connection with. the general statute on the subject, are ample to sustain the authority of the court to hold an adjourned term.

Application overruled.