# Ogles *v.* The State.

### Violating Prohibition Law.

(Decided August 1, 1916.   72 South. 598.)

1. **Courts; Terms; Adjournment; Extension.**—Under the provisions of § 3292, Code 1907, and § 3, Local Acts 1907, p. 194, the judge of the Morgan Law and Equity Court had power to call and hold an adjourned term of said court at which criminal cases could be tried, where the record showed an order made during regular term, providing for the holding of an adjourned term, such adjourned term being merely a continuation of the regular term.

2. **Intoxicating Liquors; Prima Facie Case.**—Where the evidence is undisputed that about 3 quarts of liquor which had the odor and appearance of whiskey were found in defendant's house, and 500 gallons of beer near the house, this made a prima facie case of violating the prohibition statute, and justified the refusal of the affirmative charge for defendant, under Acts 1915, pp. 33, et seq.

3. **Same; Instructions.**—In such a case it was proper to refuse instructions that the material or beer found in the barrels and box was not one of the liquors or beverages prohibited by law, since the charge invaded the province of the jury, and was otherwise incorrect.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Jim Ogles was convicted of violating the prohibition law, and he appeals. Affirmed.

The following are the charges refused to defendant:

1 and 2.   General affirmative charge.

(3) I charge you that the material or beer found in the barrels and box was not one of the liquors or beverages prohibited by law.

[Ogles v. The State.]

C. L. Price, and G. O. Chenault, for appellant. W. L. Martin, Attorney General, and Harwell G. Davis, Assistant Attorney General, for the State.

Pelham, P. J.—(1) The defendant's objection to going to trial at the adjourned term of the court upon the ground that the court at the time the defendant was arraigned for trial was not legally in session was not well taken. The record shows an order of the court made during regular term time, providing for holding the adjourned term at which the defendant is shown to have been tried. This term, in effect, was but a continuation of the regular term. Under section 3 of the act creating the Morgan county law and equity court, the judge thereof is given the same powers as circuit judges.—Local Acts 1907, p. 194. Circuit judges, by the general laws, are given power to call special or adjourned terms of the court.—Code 1907, § 3292. The judge of the law and equity court had full power to call and hold the adjourned term of the court at which the defendant was tried.—*Hafley v. State*, 8 Ala. App. 378, 382, 62 South. 319; *Town of Athens v. Miller*, 190 Ala. 88, 66 South. 702. See, also, *Ex parte Brown, infra*, 72 South. 772.

The fact that a liquor is shown to have the same odor and general appearance of whisky is, by statute, made prima facie evidence of the fact.—Acts 1915, p. 33, § 32½. Moreover, the witness Hanby, after testifying to the liquor having the odor and general appearance of whisky, testified that he "took it [the liquor in question] to be whisky."—See, also, *Strange v. State*, 5 Ala. App. 164, 59 South. 691; *Woodward v. State*, 5 Ala. App. 202, 59 South. 688; *Warrick v. State*, 8 Ala. App. 391, 62 South. 342.

The witness Hanby testified to finding about three quarts of whisky in the defendant's house, besides the several barrels of beer (about 500 gallons) near the house, and possession of over one-half gallon of alcoholic liquors is a violation of law and also prima facie evidence that the same is kept for an unlawful purpose.—Acts 1915, pp. 44, 45, 47.

(2, 3) The defendant introduced no evidence to overcome the prima facie case made out by the state by the uncontradicted evidence, and the court was not in error in refusing the written charges Nos. 1 and 2 requested in behalf of the defendant. Written charge No. 3, under the evidence in this case and the statutes

describing and defining the liquors that fall within the inhibition of the statutes, invaded the province of the jury, and was otherwise an incorrect statement of the law.

We find no error in the record.

Affirmed.