# White *v.* The State.

### Forgery.

(Decided September 7, 1916. 72 South. 771.)

1. **Indictment and Information; Formation of Grand Jury; Objection.**— Under the provisions of § 23, Acts 1909, p. 315, motions to reach an alleged defect in the formation of a grand jury, were not the proper practice, and did not present the question.

2. **Same.**—Under the express terms of the statute the only grounds available to a defendant as against the validity of an indictment on a plea in abatement is that the jurors who found the indictment were not drawn by the officers designated by law to draw them, and the other grounds set up in the plea were not available.

3. **Same Formation of Jury.**—A minute entry which recited that the jury was drawn by the judge of the court was sufficient to show that the jurors were drawn by the officers designated by law. (§ 15, Acts 1909, p. 315.)

4. **Courts; Adjourned Term; Carrying Over Jurors.**—The judge of the Morgan Law and Equity Court has all the powers of circuit court judges in ordering adjournments, and, an adjourned term being but a continuation of the regular term, the jurors may, by appropriate order, be carried over to the adjourned term, at which term the court may exercise all the jurisdiction it could exercise at a regular term.

APPEAL from Morgan Law and Equity Court.
Heard before Hon. THOMAS W. WERT.

[White v. The State.]

Vandy White was convicted of uttering a forged instrument, and he appeals. Affirmed.

The motions and objections noted went to the formation of the grand jury returning the indictment, and fully appear in the cases cited.

C. L. PRICE, for appellant. W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for the State.

PELHAM, P. J.—The recent cases of *Jim Ogles v. State, infra,* 72 South. 598, and *Ex parte E. M. Brown, infra,* 72 South. 772, in which opinions were rendered on August 1, 1916, (special August term, 1916), in effect dispose of the questions presented on this appeal adversely to the appellant's contention.

(1) The motions made by the defendant seeking to reach the defect were not the proper practice, and do not present the question.—Acts 1909, p. 315, § 23; *Thornton v. State,* 4 Ala. App. 205, 59 South. 234; *Swain v. State,* 8 Ala. App. 28, 62 South. 446; *Rector v. State,* 11 Ala. App. 340, 66 South. 857.

(2, 3) The only objection available to the defendant against the validity of the indictment on a plea in abatement is that the jurors who found the indictment were not drawn by the officers designated by law to draw them. Other grounds set up in the plea are not available.—Acts 1909, p. 315, § 23; *Spivey v. State,* 172 Ala. 391, 56 South. 232; *Swain v. State,* 8 Ala. App. 26, 62 South. 446. This ground of objection is not sustained by the proof. The minute entry recites that the jury was drawn by the judge of the court, the officer designated by law.—Acts 1909, p. 310, § 15. A recital that all the jurors "had been regularly drawn according to law" is sufficient to show that the jurors were drawn by the officer designated by law.—*Swain v. State,* 8 Ala. App. 26, 28, 62 South. 446.

(4) The judge of the Morgan county law and equity court has all the powers conferred upon circuit judges in ordering adjournments of court, and the adjourned term being but a continuation of the regular term, the jurors may be, on appropriate order (as was shown to have been done in this case), carried over to the adjourned term, at which the court may exercise all the authority and jurisdiction it could exercise at a regular term. —*Town of Athens v. Miller,* 190 Ala. 88, 66 South. 702; *Ogles v. State* and *Ex parte Brown, supra,* August, 1916, special term;

[Dempsey v. The State.]

*Whatley v. State,* 144 Ala. 74, 39 South. 1014; *Ashford v. McKee,* 183 Ala. 620, 62 South. 879.
 Affirmed.