(75 South. 173)

McDANIEL v. STATE. (8 Div. 508.)

(Court of Appeals of Alabama. April 3, 1917. On Rehearing, May 15, 1917.)

1. INDICTMENT AND INFORMATION ⊜⇒7—JURISDICTION—GRAND JURY.

It is no objection to the validity of an indictment found on January 8, 1916, by a grand jury authorized September 20, 1915, that by operation of law the term of the court ended December 31, 1915, and the court could not, by order, adjourn the grand jury to an adjourned term of the court.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 36–42.]

2. CRIMINAL LAW ⊜⇒337—EVIDENCE—ADMISSIBILITY—ASSAULT ON WITNESS.

In prosecution for violation of the prohibition law, it is not error to exclude testimony of a witness that certain other witnesses had made an assault upon her; none of such witnesses being upon trial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 762.]

3. CRIMINAL LAW ⊜⇒351(8)—EVIDENCE—ADMISSIBILITY.

Where defendant admitted giving a letter to a witness and the witness identified the letter, which was an attempt to suppress evidence, it was admissible.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 782.]

Appeal from Law and Equity Court, Morgan County; Thomas W. Wert, Judge.

Dock McDaniel was convicted of violating the prohibition law, and he appeals. Affirmed.

The motion to strike, and the plea in abatement attacks the indictment returned on January 8, 1916, by the grand jury authorized September 20, 1915, on the ground that by operation of law the term of the court ended December 31, 1915, and that the court could not, by an order, adjourn this grand jury beyond the limit set by the law. The defendant offered to show by Kate Doss that one John Robinson and Ben Singleton, made an assault upon her. The letter referred to contained an attempt on the part of defendant to suppress evidence. The witness Williams identified the letter, and swore that it was the one given him by defendant, and defendant himself testified that he had given state's witness Williams a letter. Defendant's name was not signed to the letter.

Wert & Lynne, of Decatur, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

SAMFORD, J. The defendant was tried at an adjourned term of the law and equity court of Morgan county, and convicted of the offense of selling spirituous, vinous, and malt liquors contrary to law, and from said judgment of conviction he appeals. On the trial of the case, by motion and otherwise, the regularity of the adjourned term of the court was raised.

[1] But the recent cases of Ogles v. State,

15 Ala. App. 111, 72 South. 598, Ex parte Brown, 15 Ala. App. 210, 72 South. 772, and White v. State, 15 Ala. App. 197, 72 South. 771, in effect dispose of defendant's objections and questions presented on this appeal with reference to the organization of the court and the regularity of the indictment contrary to the defendant's contentions.

[2] The court did not commit error in its rulings on the evidence. Kate Doss was not on trial; and, so far as the record shows, was not interested in the outcome of the case. Du Bose v. State, 148 Ala. 560, 42 South. 862. And, besides, the witnesses Robinson and Singleton were not on trial.

[3] The letter set out on pages 17 and 18 of the transcript having been given to one of the witnesses by the defendant, it was competent evidence in the case, and the jury had a right to see and consider it. Smith v. State, 183 Ala. 10, 62 South. 864.

We find no error in the record. The judgment of the lower court is affirmed.

Affirmed.

On Rehearing.

The application for rehearing is overruled on authority of Code, § 7623, and Harkey v. State, 13 Ala. App. 201, 68 South. 698.

Application overruled.